PAUL C. SCHNITZLER, RELATOR, v. NEW YORK TRANSPORTATION COMPANY.

Submitted December 5, 1907—Decided February 24, 1908.

On application for a *mandamus*, involving fairly debatable questions of law or fact, the Supreme Court will ordinarily award an alternative writ, to the end that an issue may be made and the facts ascertained, and an opportunity given for review in error.

---

On rule to show cause why a *mandamus* should not issue.

Before Justices GARRISON, REED and PARKER.

For the relator, *August C. Streitwolf, Jr.*

For the defendant, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

PARKER, J.    From the testimony and other evidence in this case, it appears that the relator is a stockholder of the defendant company, which is a corporation of this state, and desires to inspect its books.   He accordingly applies for a writ of *mandamus* to require the company to permit such inspection.

From our examination of the record and briefs, we are of opinion that while, apparently, the demands of the relator up to a very recent date have been in excess of his legal rights, as for example, requiring a statement of the company's affairs for general publication, he comes within the legal rule that a stockholder of a corporation is entitled to inspection of its books at proper times, if the inspection is desired in good faith and for a proper purpose.   We do not think that he has made out such a case on the present record as entitles him to a peremptory writ of *mandamus,* but we do think, that on this rule to show cause, sufficient facts appear to justify the issue of an alternative writ, as a matter of practice, so as to enable the relator, among other things, to make out a case to be reviewed by a writ of error, if necessary. The alternative writ corresponds in many particulars to a declaration at common law, and in a proper case may be demurred to, or the return may be demurred or pleaded to and an issue made by which the rights of the parties may be determined and the decision of this court reviewed, if desired, by writ of error (*Pamph. L.* 1903, *p.* 380; *Kenny* v. *Hudspeth,* 30 *Vroom* 504, 527) ; while the award of a peremptory writ, or the refusal of this court to act, is not so reviewable. *American Transportation Co.* v. *New York, Susquehanna and Western Railroad Co., Id.* 156; *Paterson* v. *Shields, Id.* 426.

An alternative writ will therefore be awarded.