HARRISON R. VAN DUYNE, INCORPORATED, RELATOR, v. WILLIAM H. SENIOR, BUILDING INSPECTOR AND TOWN OF MONTCLAIR, RESPONDENTS.

Argued October 5, 1927—Decided January 5, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the relator, *William H. Osborne.*

For the respondents, *Albert C. Wall* and *George R. Beach.*

PER CURIAM.

The relator applied to the building inspector of Montclair for a permit to erect an apartment house eight stories in height and designed to house thirty-four families. Such building was proposed to be erected on property known as the Mountain House site at the northeast corner of Bloomfield avenue at the junction of Claremont avenue.

The application was refused by the building inspector upon the ground that such a structure was prohibited by a supplement to the building code, approved June 10th, 1924, which provides, *inter alia,* that "every building in the town of Montclair hereafter erected or altered, to be used as an apartment house * * * designed and maintained to house more than six families, living independent of each other, shall, in no case, be more than three stories in height and shall be of fireproof construction * * *."

Thereupon relator applied to this court for a writ of *mandamus* and an alternative writ was allowed, to which a return was made, raising several questions of fact, and such issues were directed to be and were tried before a jury at Circuit, and a *postea* showing such findings has been filed.

Now, relator applies for a peremptory writ of *mandamus.*

One of the issues of fact raised by the return to the alternative writ was that the supplement to the building code was made necessary and its reasonableness was justified by a sewage condition, which the town of Montclair was making every effort to remedy, and which would require some two or three

years to accomplish, and that until accomplished the sewage facilities of the municipality were and would be highly inadequate and a menace to the health and safety of its inhabitants.

Upon the trial at Circuit this fact was found and established in favor of respondent town of Montclair.

We must conclude, therefore, that the provisions of the supplement to the building code are reasonable and rest upon a substantial necessity.

This seems to us to be dispositive of the application before us and the peremptory writ of *mandamus* is refused, and respondents may enter judgment in its favor under the alternative writ.