BENEDETTO FREDA, RELATOR, v. SOCIETA DI MUTUO SUCCORSO "CONCORDIA" OF JERSEY CITY, RESPONDENT.

Submitted October 11, 1929—Decided January 2, 1930.

Before Justices PARKER, BLACK and BODINE.

For the relator, *J. Victor D'Aloia.*

For the respondent, *Peter Bentley.*

The opinion of the court was delivered by

PARKER, J. Relator seeks a writ of *mandamus* to reinstate him as a member of respondent society, from which, as he claims, he was unlawfully expelled. The record shows, and the name of the respondent indicates, that it is a beneficial organization in which members have certain property rights, and normally an appeal lies directly to the courts in case of deprivation of such rights. The cases are collected in *Emma* v. *Loggia Fàsci,* 7 *N. J. Mis. R.* 387.

But the case is not ripe for our consideration at this time, and the printed book does not even show in what aspect relator undertakes to bring it on for argument. The chronology of the proceeding is as follows: April 25th, 1924, moving affidavit; June 11th, 1924, rule to show cause why writ should not issue, with leave to take depositions; October 24th and November 14th, 1924, depositions taken. Then comes a *hiatus* of over four years until March 23d, 1929, when the rule to show cause was argued before a justice of this court, who allowed an alternative writ. This writ issued accordingly and was met by a return admitting some of the facts set up in the writ, denying others, and setting up additional matter in confession and avoidance. Relator then filed a reply in ten numbered paragraphs, each of which "denies the truth of the new matter set up in" the corresponding paragraph of the return. The record seems to end at this point. There has been no jury trial and no other proceeding looking toward a settlement of the disputed facts. The original moving affidavit expired with the making of the rule to show cause in 1924 (*Peer* v. *Bloxham,* 82 *N. J. L.* 288), and on similar principles, the depositions under the rule spent their force with the award of an alternative writ. From the point where issue was joined, which we may assume under present liberal practice to have been the filing of the "reply" (properly termed a "plea," *Tapp. Mand.* \*382),

the statute lays hold of the matter and prescribes that "if any issue shall be joined, the person prosecuting such writ shall bring the same to trial as an issue joined in such action on the case (*i. e.*, for a false return) might have been tried." *Comp. Stat.*, *p.* 3214, § 2. If the issue be one of law, it is raised on demurrer and argued as such. *Kenny* v. *Hudspeth*, 59 *N. J. L.* 504, 527. If the issue be one of fact, as in the present case, it goes to the Circuit for a jury trial like any other fact case. *Jones* v. *Guttenberg*, 66 *Id.* 659, 665; *State* v. *Holliday*, 8 *Id.* 265; *Reeves* v. *Ferguson*, 31 *Id.* 107; *Schnitzler* v. *New York Transportation Co.*, 76 *Id.* 171; *Finger* v. *Doane*, 98 *Id.* 635; *Van Duyne* v. *Senior*, 105 *Id.* 257; *affirmed*, 140 *Atl. Rep.* 392. See, also, *Haycock* v. *Jannarone*, 99 *N. J. L.* 183.

It should be plain, therefore, that in the present status of the cause, this court cannot of itself settle the disputed facts or dispose of the case as though they were settled. Treating the present application as one for the issue of a peremptory writ on the printed book before us, that application must be denied, but with leave to send down a transcript of the record for trial at *nisi prius* and judgment based on ascertainment of the material facts by verdict of a jury under proper instructions of the trial judge.