JAMES D. COLYER, RECEIVER OF THE BELVIDERE NATIONAL BANK, RELATOR, v. FRANK PIERSON, ALBERT L. SMITH AND THOMAS B. LANTZ, TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WHITE, IN THE COUNTY OF WARREN AND STATE OF NEW JERSEY, DEFENDANTS.

Submitted May 11, 1934—Decided September 22, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the relator, *Charles B. Brady.*

For the defendants, *J. M. Roseberry & Son.*

PER CURIAM.

The relator holds a rule requiring the township committee of the township of White in the county of Warren to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the township committee to pay over unto James D. Colyer, receiver of The Belvidere National Bank, the balance of $10,423.51 with interest on $18,587.93 from December 31st, 1930, to October 10th, 1931, and with interest on $10,423.51 from October 10th, 1931, to date of payment, or such percentage of each of the appropriations of 1931 of $3,000, of 1932 of $1,087.93 and of 1933 of $7,000 as has been collected by the collector of taxes of the township.

Depositions were taken pursuant to the rule.

Thereby the relator claims to have established the following matters of fact: On October 10th, 1931, The Belvidere National Bank suspended operations and was placed in the hands of a receiver by the comptroller of the currency of the United States. On that day the township owed the bank two tax revenue notes and three temporary improvement notes. On the tax revenue notes it owed all of the principal of each, and on the temporary improvement notes it owed on each a balance of principal. In 1931 the township included in its budget appropriations $3,000 to pay $3,000 of the temporary improvement notes which totaled $4,087.93. In 1932 the township included in its budget appropriations $1,087.93 to pay the balance of the $4,087.93. In 1933 the township appropriated $7,000 to pay tax revenue note of that amount dated December 28th, 1929. No part of these appropriations. were actually paid to the receiver of the bank. On October 10th, 1931, township moneys were on deposit in the names of its various officers to the amount of $8,164.42 in the bank, which moneys have been retained by the bank to be applied against the foregoing indebtedness.

On the other hand, the township answers that the issuance of the notes in question, in the form and substance in which they were issued, was not within the corporate powers of the township, was not authorized by the statutes, and that the notes were illegally issued and were not thereafter ratified. The township further answers that the $8,164.42 on deposit with the bank, and which the bank seeks to have applied to the township's indebtedness, was appropriated to the various purposes of the township, and without the consent of the township, could not be applied to the notes in question, and relies upon the case of *Township Committee of Piscataway Township* v. *First National Bank,* 111 *N. J. L.* 412; 168 *Atl. Rep.* 757.

From our examination of the record and briefs we do not think that the relator has made out such a case on the present record as entitles him to a peremptory writ of *mandamus.* A peremptory writ should be granted "only when the legal right is clear and the facts are not in dispute" (*Hugg* v.

*Camden,* 39 *N. J. L.* 620), and the present case does not comply with that test. But we do think that on this rule to show cause, sufficient facts appear to justify the issuance of an alternative writ, as a matter of practice, so as to enable the relator, among other things, to make out a case to be reviewed by writ of error if necessary. An alternative writ corresponds in many particulars to a declaration at common law, and in a proper case may be demurred to, or the return may be demurred or pleaded to, and an issue made by which the rights of the parties may be determined, and the decision of this court reviewed, if desired, by writ of error; while the award of a peremptory writ, or the refusal of this court to act, is not so reviewable. *Schnitzler* v. *New York Transportation Co.,* 76 *N. J. L.* 171; 68 *Atl. Rep.* 905.

An alternative writ will therefore be awarded.