FRANCES WENK, RELATOR, v. POLISH LADIES' CIRCLE, RESPONDENT.

Decided July 30, 1935.

Heard by a single justice pursuant to the statute.

For the relator, *Salvatore F. La Corte.*

For the respondent, *Norbert T. Burke.*

CASE, J. The relator was expelled from the respondent society. She charged that the expulsion was unlawful and sued out an alternative writ of *mandamus* to compel reinstatement. The return denied certain allegations of fact contained in the inducement in the writ, and relator joined

issue. For the determination of the factual issues thus joined the case was sent to the Union Circuit for trial before a jury. The verdict returned by the jury was: "1. We, the jury, find that the relator was illegally and improperly expelled. 2. We, the jury, find the reinstatement of the relator to membership in the Polish Ladies' Circle would tend to cause confusion, dissention and bring hardship upon it." The relator thereupon asks for a peremptory writ of *mandamus*.

The difficulty is that the disputed facts have not been determined. Whether the expulsion was lawful depends upon how certain traversed allegations of fact are settled—such for instance as whether there were or were not charges laid against the relator by the respondent, whether the relator was notified of the charges, if made, and given an opportunity to defend herself against them, and whether she did in fact appear and present her defense against the charges or was prevented by the respondent from so doing. All of these questions were at issue. The legality of the expulsion, when these and other factual disputes are settled, will be determined by the court. The purpose of sending down a transcript of the record for trial at *nisi prius* is to obtain an ascertainment of the material facts by verdict of a jury under proper instructions of the trial judge. *Freda* v. *Societa Di Mutuo, &c., Jersey City,* 106 *N. J. L.* 17; 148 *Atl. Rep.* 204; *Cummings* v. *Policemen's Pension, &c., Belmar,* 109 *N. J. L.* 97; 160 *Atl. Rep.* 641. One of the functions of the alternative writ is to give the opposing party the benefit of a return and an opportunity for the ascertainment of the facts before judgment is pronounced. *State, ex rel. Kelly* v. *Mayor, &c., of Paterson,* 35 *N. J. L.* 196; *Kenny* v. *Hudspeth,* 59 *Id.* 504, 527; 37 *Atl. Rep.* 67; *Freeland* v. *Sargeant,* 6 *N. J. Mis. R.* 906; 143 *Atl. Rep.* 73. *Jones* v. *Guttenberg,* 66 *N. J. L.* 659, 51 *Atl. Rep.* 274, is an illustration. There the relators sought, by *mandamus,* to compel a municipality to issue certain of its bonds, and upon an alternative writ, return and replication, a factual issue was raised and sent down for trial—not whether the city had lawfully refused to issue the bonds but whether one of the factual reasons given by the city for its refusal, namely, that it did not owe the amount of debt

charged against it, was true. Só, here, the question was not whether the action of the society in expelling was lawful but what the factual foundation was.

The order sending the matter down did not specifically state the several questions to be determined. But the order was signed precisely as presented by the relator *ex parle,* and if it be inept she may not profit from the ensuing confusion. She made no effort to frame the questions either by stipulation, more definitive order or otherwise.

The issues of fact have not been settled sufficiently to enable the court to determine whether or not a peremptory writ should issue.