RUSSELL J. HAIN, RELATOR, v. JOHN W. SWEENEY, PATRICK J. DOLAN AND JOHN J. HEISER, AS THE COMMISSIONERS CONSTITUTING POLICE PENSION COMMISSION OF THE COUNTY OF HUDSON IN THE STATE OF NEW JERSEY AND THE POLICE PENSION COMMISSION OF THE COUNTY OF HUDSON, RESPONDENTS.

Argued January 15, 1946—Decided May 3, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the applicant, *Andrew O. Wittreich.*

For respondents, *Daniel T. O'Regan* and *Thomas J. Armstrong.*

The opinion of the court was delivered by

CASE, J. The application is for a peremptory writ of *mandamus* or, in the alternative, for a rule to show cause why such a writ should not issue.

The application seeks to compel a reimbursement to the applicant of all payments made by him as a member of the Hudson County Boulevard police into the pension fund and is based solely upon *R. S.* 43:9–6.1, passed as chapter 399, *Pamph. L.* 1941. It is clear that the 1941 statute bears only upon chapter 9 of title 43 of the Revised Statutes of which it is made a part. The title to the 1941 statute is "An act concerning county pensions and retirement, and supplementing chapter nine of title 43 of the Revised Statutes;" and the body of the act provides that the application for withdrawal thereunder shall be "without prejudice to his [the applicant's] rights as a veteran to any benefit to which he may be entitled under *any other law.*" The words which we have italicized emphasize the function of the 1941 enact-

ment as a supplement to a single statute, namely, chapter nine of title 43.

Chapter 9 of title 43 of the Revised Statutes is a restatement of chapter 127, *Pamph. L.* 1922, a statute which in its original form and as now preserved is a pension system without contribution by the worker. The supplement of 1941 was apparently passed as a means of enabling a person who had mistakenly made contributions under that non-contributory pension law to recover his payments. Be that as it may, it is a reasonable prerequisite that before the applicant may proceed with his cause he shall make a *prima facie* presentation that the payments which he seeks to recover are payments made under that statute and to that pension fund, otherwise his claim has no significance. This he has not done. Not only so, but he does not deny the assertions made by the Police Pension Commission that the contributions paid by him through the years are the statutory contributions to a compulsory pension system under an entirely different statute.

Clearly the applicant is not entitled to a peremptory writ, and we are of the opinion that he has not shown sufficient merit to justify a rule to show cause why such a writ should not issue.

The application is denied, without prejudice and without costs.

Mr. Justice Perskie dissents.

PERSKIE, J. (Dissenting.) Relator, Russell J. Hain, a veteran of World War I, and the holder of an honorable discharge from the United States Army and the United States Navy, was appointed, on April 15th, 1930, by the Hudson County Boulevard Commission as a member of the Hudson County Boulevard police department. On April 9th, 1945, relator made application to the respondents for the withdrawal from the Police Pension System of the County of Hudson of the amount of his payments into the pension fund, with interest thereon at the rate of 4% per annum, without prejudice to his rights as a veteran to any benefits which he may be entitled to under any other law. *Pamph. L.* 1941, *ch.* 399, *p.* 1022, § 1 (act concerning county pensions and retire-

ment and *supplementing* chapter 9 of title 43 of the Revised Statutes); *R. S.* 43:9–6.1. His application was denied.

Relator has applied to this court for a peremptory writ of *mandamus* to grant him the relief which the respondents had denied him, or in the alternative, why a rule to show cause should not be allowed directing the respondents to show cause why such peremptory writ of *mandamus* should not be issued, and providing for the taking of depositions.

Respondents here adhere to their determination that relator is not entitled to the relief he seeks. That denial is, basically and tersely stated, resisted upon the premise that *Pamph. L.* 1941, *supra* (*R. S.* 43:9–6.1) is specifically limited to the supplementing of chapter 9 of title 43 of the Revised Statutes and is altogether without application to other chapters of title 43 of the Revised Statutes upon which the relator bases his claim.

It is rudimentary that a peremptory writ of *mandamus* will not issue unless, among other things, the right to the writ is clear both as to the facts and as to the law. *Cf. Eastern Boulevard Corp.* v. *West New York,* 124 *N. J. L.* 345, and cases collated at *pp.* 346, 347; 11 *Atl. Rep.* (*2d*) 832; *Consolidated Cigar Corp.* v. *Brunner,* 133 *N. J. L.* 77; 42 *Atl. Rep.* (*2d*) 631. From what has already been stated, no such clear right has been established by the relator on the legal branch of the case. Nor has such a clear right been established by him on the factual branch of the case. The record submitted is meager. It is not very informative. We are without proof as to the nature of the pension fund with which relator became affiliated and into which he made contributions. Nor is there any proof as to when and how this fund was created. Was it created purely voluntarily or was it created under some specific statute? What other parties have rights to said alleged fund (*Cf. Kelly* v. *Kearins,* 132 *N. J. L.* 308, 311; 40 *Atl. Rep.* (*2d*) 305) who may be entitled to be heard? In other words, the record as submitted does not warrant nor was it intended to warrant a final disposition of the cause on the merits.

The right of one to an earned retirement on pension is a right of great concern both to the one entitled thereto and to

the public at large. The adjudication of such a right must necessarily clearly satisfy the applicable statutory requirements. Thus while on the record as submitted relator has not presented the clear right, factually or legally, to a peremptory writ, he has, nonetheless, presented sufficient facts to justify the issuance of an alternative writ.

The fact that the relator did not ask for such a writ is beside the point. All the relator seeks is to start the applicable practice in motion to establish his asserted claim. The issuance of an alternative writ is, in the circumstances, the proper practice. If issued, it will enable the relator, *inter alia*, to make out his case, if he can, and the result may be reviewed on appeal if necessary; whereas the award of a peremptory writ, or the refusal as here, of the court to act, is not so reviewable. *Schnitzler* v. *New York Transportation Co.*, 76 *N. J. L.* 171, 172; 68 *Atl. Rep.* 905; *Cf. Freda* v. *Societa Di Mutuo, &c., Jersey City*, 106 *N. J. L.* 17; 148 *Atl. Rep.* 204.

An alternative writ should therefore be awarded. It will result in a proper record upon which the court may properly decide the issue on the merits.