## BLACKWELL *vs.* PENNINGTON & SONS.

1. One may claim property levied upon by himself, his agent or attorney. Where there are partners or persons jointly interested, any one may make the affidavit and execute the bond on behalf of all, but the character in which these rights are exercised, and this liability assumed, should appear in conformity to the facts.
2. In all suits by partners or persons jointly interested, where the name of any one who ought to have been joined is omitted, it may be inserted instanter on motion. But a suit brought by one in his individual name cannot be changed into a suit in the name of a partnership.
(a) A claim affidavit is the foundation of a legal proceeding, and cannot be amended, there being no express provision authorizing the same.

Claim. Pleading. Amendment. Parties. Before Judge LAWSON. Morgan County. At Chambers. January 17th, 1880.

Reported in the decision.

CALVIN GEORGE, for plaintiff in error.

A. G. & F. C. FOSTER, for defendants.

CRAWFORD, Justice.

The error complained of in this case is the refusal of the judge below to sanction a petition for *certiorari*, in which were set forth the illegal rulings of the justice of the peace on the trial of a claim case in his court.

Certain property having been levied upon as belonging to one George Culling, a claim was interposed thereto on the oath of J. L. Pennington, who swore that the same belonged to, and was the property of, W. B. R. Pennington, and not that of the defendant. When this claim came on to be tried, counsel for the plaintiff moved to dismiss the same upon the ground that the affidavit did not show in

what capacity the affiant made the oath, whether as agent, attorney, or as one otherwise connected in business with the alleged owner.

The justice overruled the motion, and allowed the affidavit to be amended, so as to insert the following words in the body thereof after the name of J. L. Pennington, "He is a member of the firm of Pennington & Sons," and further change the original, wherein it reads, "is the property of W. B. R. Pennington," to the words "is the property of W. B. R. Pennington & Sons."

The justice, then over objection, also allowed the bond altered so as to correspond with the affidavit.

1. Under the law, a party may claim property levied upon by himself, his agent or attorney; or where there are partners or persons jointly interested, any one of them may make the affidavit and execute the bond, in the name of the firm or persons jointly interested, but the character in which these rights are exercised, and this liability incurred should conform to the facts.

2. In all suits by *partners* or *any two or more* persons where the name of any one who ought to have been joined is omitted, the same may on motion be inserted instanter. But it is nowhere provided that a suit commenced by one in his individual name, can be changed into another in the name of partnership. If, however, this difficulty could be removed, in this case the claim affidavit is the foundation of a legal proceeding, and cannot be amended, as there is no express provision authorizing the same. Code, §3504; see, also, case of *Flournoy & Epping vs. Pitts*, decisions September 9, 1879, not yet reported. We think, therefore, that the rulings of the justice were illegal, and that the *certiorari* should have been sanctioned.

Judgment reversed.