# New York Supplement

## VOLUME 48,

### AND

## New York State Reporter,

## VOLUME 82.

---

### TOWN OF CONEWANGO v. SHAW et al.

(Supreme Court, Special Term, Cattaraugus County. December 15, 1897.)

DRAINS—OBSTRUCTION OF HIGHWAYS.
   When a ditch, dug under the drainage act, which makes no provision for the crossing of highways, is dug across a highway, it is the duty of the drainage commissioners to build a suitable crossing over such ditch, without unnecessary delay.

Action by the town of Conewango against Julius N. Shaw and others, as commissioners, to compel them to build a bridge across a drainage ditch. Demurrer to plaintiff's complaint overruled.

Goodwill & Benson, for plaintiff.
Wade & Stevenson, for defendants.

WOODWARD, J. This case comes before the court on demurrer to plaintiff's complaint. A petition was presented, and proceedings were had in the supreme court under the "Drainage Act," contemplating the draining of some 15,000 or 20,000 acres of wet, swampy land, situated within the towns of Dayton, Leon, Conewango, and Randolph, in Cattaraugus county, and Villenova, Cherry Creek, and Ellington, in Chautauqua county; and these defendants were duly appointed commissioners to ascertain, among other things, whether it was necessary for the public health that the lands mentioned in said petition should be drained. They proceeded to investigate and take proofs, according to statute, finally determining that a ditch or channel for the free passage of water should be opened through the

lands belonging to the petitioners, and through other lands, and that it was necessary for the public health that such lands be so drained. An appeal was duly taken from such decision, and argued before the supreme court, and said court affirmed the commissioners' decision in all things. The defendants are now engaged in the construction of the work according to plans and specifications adopted, pursuant to statute, for the drainage of said lands, and have, in the course of completing one of the ditches or channels, crossed a highway in the town of Conewango, leaving an opening in the highway about 50 feet wide and from 6 to 8 feet deep, and rendering the same impassable to the traveling public. This action is brought by the town of Conewango against such commissioners to compel the latter to restore said former highway to its former state of usefulness by the building of a bridge across said ditch or channel. The commissioner of highways for the town of Conewango did not consent to the construction of the ditch, but, on the contrary, forbade the same, and the town received no compensation for damages growing out of the construction of it. Primarily, all streets and highways are for the free, unobstructed, and exclusive use and benefit of the traveling public, and their proper enjoyment by the public cannot be interfered with or curtailed except by legislative enactment, expressed and unequivocal, or so clearly inferential that it can be fairly said that the legislature contemplated the doing of the very act which occasions the injury complained of; nor is it sufficient that the legislature gives some general grant of authority, in the exercise of which highways are diverted from the purposes originally intended for them, and rendered impassable and useless. Any appropriation of the objects of a street or highway, in derogation of the public's free right of passage, whether permitted or authorized by some general statute or not, must be deemed to be in subordination to the public user, and should be exercised in such a manner as to interfere with or inconvenience the public as little as possible. Hudson River Tel. Co. v. Watervliet Turnpike & Ry. Co., 135 N. Y. 407, 32 N. E. 148. The "Drainage Act," under which proceedings to drain the lands mentioned were instituted, furnishes the only authority or sanction for the construction of the ditch or channel out of which this action arises, and is a general statute, as distinguished from a special act of the legislature, and applies to the entire state. A careful examination of the act fails to disclose any authority for the taking of the highway in question by these commissioners, or its appropriation by them for any purpose which would seriously interfere with the rights of the traveling public. Nowhere in the entire act, that we can find, is there any expression of the legislature's intent with reference to the crossing of highways by the ditches or channels contemplated in said act. Therefore, within well-settled rules of law, authority to cross or appropriate them can only be inferred from the general provisions of the act, reference being had to the particular objects for which it was enacted. It may be fairly presumed that such a grant of authority is to be inferred, for without it the whole scheme of drainage might otherwise be defeated and fail, and the act rendered inoperative; but it does not necessarily follow, as a legal consequence

or a logical conclusion, that the legislature intended to appropriate a highway previously dedicated to one public use for another purpose, whether that purpose be distinctly private or of a public character,—dominant or even co-extensive.   Statutes granting privileges of an unusual character, abridging or affecting the rights of the public, must be construed strictly and in favor of the public.   The privileges cannot be enlarged by intendment or implication.   The appropriation of this highway can only be presumed to be servient, and in subordination to the objects for which it was originally intended,—the free and unobstructed use of the traveling public,—in which case the legislative authority must be exercised, if exercised at all, so as to cause as little interference and inconvenience to the public as possible.   In the case under consideration the injury complained of could have been easily remedied, and the highway restored to its former state of usefulness, by the building of a suitable bridge over the ditch or channel constructed, and this, we believe, these defendants should have done without unnecessary delay.   The demurrer is therefore overruled.