## MORGAN v. BLACK.

1. The averment in the plaintiff's petition, brought to recover damages for an alleged libel, that the defendant "did publish" the alleged libelous matter, imported a communication to others. It was not necessary that the petition should aver in detail the manner or extent of publication.

2. The petition alleging that the defendant "did falsely and maliciously and with intent to injure him [the plantiff] publish of and concerning the petitioner certain false, scandalous, and defamatory matter following: '. . . There is no chance in the world for you to get anything out of them, or mé either; and will say just here that if you follow up Charles Morgan [the plaintiff, who was an attorney at law and who was representing M. E. Black in the cause referred to in the writing] and old Humphreys, you will have a lot of costs to pay' (meaning that your petitioner had given and would still continue to give the said M. E. Black false and unprofessional advice in said case)," set forth a cause of action, if the words here alleged to be libelous have the meaning placed upon them in the innuendo which connects the words with the facts and circumstances appearing in the inducement and colloquium; and whether, under these facts and circumstances, they should be given that meaning is a question for the jury.

Submitted April 7, 1908.—Decided February 18, 1909.

Action of libel. Before Judge Mitchell. Lowndes superior court. November 20, 1907.

*C. S. Morgan,* for plaintiff.

BECK, J. C. S. Morgan sued Robert Black for libel, laying his damages in the sum of $50,000. It is alleged in the petition that the defendant, wickedly intending to injure petitioner, did maliciously compose, send through the mail, and publish of and concerning petitioner a certain false, scandalous, and defamatory libel, containing the following: "Will say in regard to the other case you have against me" (meaning the case which Mrs. Mary E. Black by her attorney at law, the petitioner, had brought against the defendant et al., for damages, on account of the cutting and hauling off timber from the land of herself and two minor sons, without legal warrant or authority) "and the Fender Lumber Company, you will have the costs to pay in this case also, as I am sure there is no chance in the world for you to get anything out of them, or me either; and will say just here that if you follow up Chas. Morgan and old Humphreys, you will have a lot of costs to pay, and from now on you can look to them for financial aid, as I will not pay your bills any longer," etc. It is alleged that

the language just quoted was not only "scandalous, obscene, and vulgar, but actually charged your petitioner with a crime, both as an individual and in his profession," he being an attorney at law. The defendant demurred specially and generally to the petition, contending, in his special demurrer, that the plaintiff failed to state to whom the libelous matter was sent, and who received it; and that it was never published. The plaintiff amended his petition, setting forth the letter alleged to have been sent, from which the language quoted above is an extract. The defendant also demurred to the amendment, on general grounds. The demurrers were sustained, and the plaintiff excepted.

1. The petition was not, after amendment allowed, subject to demurrer on the ground that the publication of the alleged libelous matter was not sufficiently alleged. The averment that the defendant "did publish" the alleged libelous matter, imported a communication to others. Townshend on Slander and Libel, §§ 324, 325; Wilcox *v.* Moon, 63 Vt. 481 (22 Atl. 80). It was not necessary to set forth the publication in any technical form of words. Not only is the publication here positively alleged, but it is also alleged that the defendant "did maliciously compose, send through the mail, and publish of and concerning the plaintiff" the alleged libelous matter as set forth in the petition; and it further appears that the written communication mentioned in the petition was a letter to a named person. "Any words that denote a publication are sufficient. 'To publish means to make publicly known, to proclaim to the public, etc. It was not necessary that the complaint should aver in detail the manner or extent of publication. It was necessary that it should aver that the libel was published. It would depend on the evidence whether the averment was true in fact.'" Indianapolis Sun Co. *v.* Horrell, 53 Ind. 527; Hamilton *v.* Lowery, 33 Ind. App. 184 (71 N. E. 56). See also 25 Cyc. 446, and cases there cited.

2. The general demurrer filed by the defendant raises the issue as to whether the words alleged to have been libelous are actually so or not. The defendant contends that they are not, and that they can not be made such by the construction placed upon them by the plaintiff in his petition. Words which clearly are not defamatory can not be made so by any change of meaning sought to be made by innuendo. But where expressions are used in a

communication, which are susceptible of more than one con-struction and which may have more than one meaning, the real meaning and sense in which they were used by the party compos-ing and publishing them may be explained by innuendo, by connecting the words, and setting them in their proper relation, with the extrinsic or explanatory circumstances alleged in the in-ducement, thus showing their real meaning under those circum-stances and in the connections in which they were used. And it then becomes a question for the jury, in such instances, to say whether, under all the facts and circumstances, the writing was libelous. Certain expression in the language complained of as being libelous are clearly not defamatory in their character, and can not be made so by innuendo; for "an innuendo may not intro-duce new matter or enlarge the natural meaning of words. It must not put upon the defendant's words a construction which they will not bear." Odgers on Libel and Slander, 77. It is not necessary here to set forth or deal especially with those por-tions of the writing set forth in the petition which we do not deem capable of such a construction as to render them defamatory in character. But we are of the opinion that the plaintiff's peti-tion was good as against a general demurrer; for among other expressions set forth as libelous is the following: "I am sure there is no chance in the world for you to get anything out of them, or me either; and will say just here that if you follow up Charles Morgan and old Humphreys, you will have a lot of costs to pay" (meaning that the petitioner had given and would still continue to give the said M. E. Black false and unprofes-sional advice in the said case). Whether the expression, "if you follow up Charles Morgan [the plaintiff] you will have a lot of costs to pay," was used in the sense and should have the con-struction placed upon it by the innuendo will be a question for the jury. That one party to a controversy does not agree with the legal views of the lawyer of the adverse side, or even says so in writing, is not libelous. One is not obliged to agree that the ad-vice of opposing counsel is sound. The brief colloquium shows that the plaintiff was a lawyer, and represented his client in a cer-tain case, and that the alleged libel was in connection with the professional conduct of the plaintiff in such representation. The statement complained of was susceptible of two constructions:

either the innocent one, that the case was not meritorious and would, in the opinion of the writer, be lost, entailing costs; or of the libelous one, that the attorney had given and would continue to give his client false and unprofessional advice. A written statement that if a client continue to follow his lawyer, he will have a lot of costs to pay, is susceptible of a construction reflecting on the weakness of the case, or it is susceptible of a construction reflecting on the lawyer. Under the colloquium and innuendo in this case, it can not be said that the statement was so entirely clear as not to be subject to the construction placed on it by the innuendo. What was the real meaning will be for the jury. And if that construction was the proper construction, under the facts and circumstances of the case, and the expression was, as is averred in the petition, falsely and maliciously published of the plaintiff, he has a cause of action; for it requires no argument to demonstrate that to write and publish falsely and maliciously of a lawyer that he is giving false and unprofessional advice is libelous. It is to charge him with conduct which tends to injure his reputation as an individual, which is calculated to injure him in his profession, and which exposes him to public hatred and contempt.

*Judgment reversed. All the Justices concur.*