### 7814.  PARK, receiver, v. JONES.

BROYLES, P. J.  1. The court, upon motion of the plaintiff, struck that paragraph of the original answer which contained all of the defenses to the plaintiff's action. Ten days later, and during the same term of court, the defendant offered an amendment to his answer, and the amendment was allowed over the objection of the plaintiff that there was nothing to amend by. Upon such a question the trial court has a wide discretion, which will not be controlled unless manifestly abused. Although the court struck all the defenses set forth in the answer, and although this judgment was unexcepted to, and therefore can not be reviewed by this court, nevertheless the trial court itself, during the same term of court, could have reversed itself, if it had seen proper to do so, and have vacated its judgment. And without directly reversing or vacating its judgment, when the amendment to the answer was offered, it could, for the purpose of determining whether there was enough in the answer to amend by, consider the original answer before any portion of it had been stricken. In the judgment of this court the original answer, before any part of it had been stricken, was sufficient to support the amendment offered. This ruling is not in conflict with the decisions in *Smith* v. *First National Bank*, 115 *Ga.* 608 (41 S. E. 983), and *Moss* y. *Anderson*, 10 *Ga. App.* 784 (74 S. E. 299); for in neither of those cases was any part of the original answer stricken, and it was held that there was nothing in the original answer to amend by. Furthermore, in both of those cases the judgment of the lower court was affirmed, and, as has been stated above, the trial judge has a broad discretion in allowing or refusing an amendment to an answer.

2. The court did not err in overruling all the grounds, except the 4th ground, of the demurrer to the amendment to the answer.

3. Under the foregoing rulings there is no merit in the exception to the final judgment.

> *Judgment affirmed.  Jenkins and Bloodworth, JJ., concur.*
> DECIDED MAY 3, 1917.

Complaint; from city court of Blakely—Judge Sheffield.  August 25, 1916.

*Glessner & Collins,* for plaintiff.  *L. M. Rambo,* for defendant.