# Thompson v. Adelberg & Berman, Inc.

(Decided October 1, 1918.)

## Appeal from Kenton Circuit Court.

1.  Libel and Slander—Words Actionable—Distinction Between Libel and Slander.—There is a broad distinction between verbal slander and a written or printed publication. In determining whether written or printed words are libelous per se, it is not necessary that they should impute to the person concerning whom they are published the commission of a crime involving moral turpitude, or an infectious disease, or unfitness to perform the duties of an office or employment, or prejudice him in his profession or trade, or tend to disinherit him. It is sufficient if they have a natural and reasonable tendency to degrade or disgrace him or to render him odious, ridiculous or contemptible in the estimation of the public.

2.  Libel and Slander—Words Actionable.—The words:

> "PLEASE TAKE NOTICE
> OUR COLLECTOR
> Was Here For Payment.
> We would save you the annoyance of his further calls if you will
> pay at the store.
> UNION CLOTHING STORE,"

printed on cards which were placed in conspicuous places in and about plaintiff's residence, are libelous per se.

WM. A. BYRNE for appellant.

JOHN E. SHEPARD and BERT J. KING for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Mary Thompson, brought this suit against Adelberg & Berman, a corporation, to recover damages for libel. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

The petition is as follows:

"Plaintiff, Mary Thompson, says that she is a widow, residing at No. 35 Lincoln avenue, Latonia, Kentucky, where she keeps house with her children; she says she is compelled during the daytime to go out to work, in order to maintain herself and children.

"Plaintiff says that on or about April, 1916, she purchased for her son a suit of clothes from defendant company's store in Covington, Kentucky, known as the Union Store, for the sum of fifteen dollars and ninety-five ($15.95) cents, which sum she was to pay in partial

payments, and all of which sum she paid, as she was able, excepting eight dollars and ninety-five ($8.95) cents.

"Plaintiff says that defendant, Adelberg & Berman, incorporated, is a corporation organized under the laws of New York, and conducts stores in various cities of the United States, and is conducting a clothing store at No. 710 Madison Avenue, Covington, Kentucky, under the name of the Union Store, where plaintiff made the purchase aforementioned.

"Plaintiff says that on or about the — day of November, 1916, the defendant, through its officer or agent, without right or authority of law, and unlawfully, wickedly and maliciously, did circulate and publish of and concerning her the following libelous matter in the following manner, meaning that she was a person who did not pay her debts, came upon her home grounds in her use and occupation, and placed numerous yellow cards in the apertures and crevices of the front door of her residence at No. 35 Lincoln avenue, Latonia, Kentucky, also in the windows of the dining room on the Thirty-fifth street side, and the front room windows on the Lincoln avenue side, and the windows on the railroad side, and in the dining room windows in the rear yard, and placed one in a stick which was driven in a flower mound, about two feet from the sidewalk, on the Lincoln avenue side, which cards read, in large type, and each word in capital initial letters 'Please take notice,' and then in larger capital letters 'our collector,' and then in smaller letters 'was here for payment.' 'We would save you the annoyance of his further calls if you will pay at the store.' Then, in large capital letters, 'The Union Clothing Store.'

"Plaintiff says that she being away at work said cards remained in said door and windows, and on the stick described, visible to the public, for a long time, most of the day, and until she returned at about six-thirty o'clock p. m., causing her great mental pain and humiliation, and affecting her good name injuriously to her damage in the sum of three thousand ($3,000.00) dollars.

"Wherefore, plaintiff prays judgment against defendant in the sum of three thousand ($3,000.00) dollars, and for her costs and all other just and proper relief."

There is a broad distinction between verbal slander and a written or printed publication. In determining whether written or printed words are libelous, *per se,*

it is not necessary that they should impute to the person concerning whom they are published the commission of a crime involving moral turpitude, or an infectious disease, or unfitness to perform the duties of an office or employment, or prejudice him in his profession or trade, or tend to disinherit him. It is sufficient if they have a natural and reasonable tendency to degrade or disgrace him, or to render him odious, ridiculous or contemptible in the estimation of the public. Axton Fisher Tobacco Co. v. Evening Post Co., 169 Ky. 64, 183 S. W. 269. It is argued for the defendant that such is not the reasonable effect of the publication in question and that the natural import of the words employed cannot be extended by innuendo. It must be remembered, however, that the cards in question were put in several conspicuous places about plaintiff's residence, so that they could be easily seen by the public from almost any angle. If the sole purpose of the defendant had been to notify plaintiff that its collector had called and to request her to come to its store to pay the account, the mere placing of the card inside the door would have been sufficient. Hence, some effect must be given to the studied effect of the defendant's agent to give the publication as wide and as effective publicity as the circumstances would permit. Viewing the transaction in the light of this fact, it cannot be doubted that defendant's real purpose was to coerce the payment of its debts by publishing plaintiff's delinquency, and thus disgracing her in the eyes of the public. That being true, it cannot be said that the natural meaning of the words was enlarged by the innuendo.

In the case of Murtze v. Turner (Wisconsin), 9 L. R. A. 86, it was held that the sending of a red envelope through the mails, addressed to a merchant and endorsed for return to the organization, "for collecting bad debts," these words being in very large type so as to attract special attention, constituted a libel. In the case of State of Missouri v. Armstrong (Missouri), 13 L. R. A. 419, it was held that the words "bad debt collecting agency," printed in large bold type on envelopes mailed to a debtor, especially when mailed to him in care of his employers, constituted a criminal libel under Rev. Stat. 1889, section 3869, as tending to "expose him to public hatred, contempt or ridicule, or deprive him of the benefit of public confidence." These cases cannot be distinguished from the case under consideration. In the form-

er, the publication was through the mails, and necessarily confined to few persons. In this case, the publication was by means of cards so artfully placed as not only to attract the attention of those who were naturally curious but to lure the gaze of those whose proneness to pry had long since lost its edge. We, therefore, conclude that the words in question were libelous *per se*. It follows that the demurrer to the petition should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.