32603, 32617.   WALKER *et al. v.* SHEEHAN *et al.;*
and *vice versa.*

Decided December 2, 1949.  Rehearing denied December 13, 1949.

608

*Hammond, Kennedy & Sanders, Bussey & Hardin,* for plaintiffs in error.

*Charles D. Dimmock, Paul T. Chance,* contra.

WORRILL, J. ■ Under the state of the record in this case, the first question presented is whether or not the court properly allowed the plaintiff to amend his petition in the first instance. The defendants demurred to the petition generally on the ground that it did not set forth a cause of action, and because no special damages were alleged; and after the plaintiffs amended, the defendants renewed this demurrer and objected to the allowance of the amendment on the ground among others that the petition did not contain enough to amend by.

All parties may, at any stage of the cause, as a matter of right, amend their pleadings in all respects, whether in matter of form or substance, provided there is enough in the pleadings to amend by. Code, § 81-1301. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. . . If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Code, § 81-1302. This right of amendment is very broad, as is the discretion of the trial court in controlling it *(Park* v. *Jones,* 20 *Ga. App.* 38, 92 S. E. 396); and, unless manifestly abused, the court's discretion will not be controlled. In the instant case, the petition was filed, demurrers were filed, and an amendment was offered before the trial judge undertook to pass on the demurrers. The court then overruled the objections to the amendment and allowed it after setting down and granting a hearing to both parties on the objections. In answer to the defendants' contentions in this regard, it is clear that, when tested by the rule laid down by the Code sections quoted, the original petition did contain enough to amend by, and under the facts of the case there was no abuse by the court of its broad powers to allow amendments. The contentions of the defendant that the amendment attempted to set forth a new cause of action, and that it was not germane to the petition, are without merit.

■ Did the original petition as amended in the first instance set forth a cause of action as against the renewed demurrers? The demurrers objected to the petition on the grounds: that it

set forth no cause of action against the defendants; that no publication of the alleged libel was set forth; that, since the alleged notice was shown by the pleadings to have been addressed to Mrs. Alexander and there was no reference therein to the plaintiff, no cause of action on behalf of the plaintiff was shown; that, because no special damages were set forth in the petition, and no allegation was made of how or wherein the plaintiff was damaged, the petition set forth no cause of action.

"A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule. The publication of the libelous matter is essential to recovery." Code, § 105-701. Whether the words used in the alleged publication were libelous or not, is, in Georgia, generally a question for the jury. *Beazley* v. *Reid,* 68 *Ga.* 380; *Colvard* v. *Black,* 110 *Ga.* 642, 646 (36 S. E. 80); *Brandon* v. *Arkansas Fuel-Oil Co.,* 64 *Ga. App.* 139 (1) (12 S. E. 2d, 414); *Western Union Telegraph Co.* v. *Vickers,* 71 *Ga. App.* 204, 207 (30 S. E. 2d, 440). However, statements which tend to injure one in his trade, occupation, or business have been held to be libelous per se, and no allegation of special damage need be made to support an action for libel or slander based on such statements. *Hardy* v. *Williamson,* 86 *Ga.* 551 (b) (12 S. E. 874); *Dun* v. *Weintraub,* 111 *Ga.* 416 (2) 419 (36 S. E. 808); *Witham* v. *Atlanta Journal,* 124 *Ga.* 688, 691, 692 (53 S. E. 105); *Nicholson* v. *Dillard,* 137 *Ga.* 225 (3), 230 (73 S. E. 382); *Spence* v. *Johnson,* 142 *Ga.* 267 (2) (82 S. E. 646). An interesting case strikingly similar on its facts to the instant case is Thompson *v.* Adelberg & Berman, 181 Ky. 487 (205 S. W. 558, 3 A. L. R. 1594), wherein it was held that the placarding of a debtor is libelous per se. However, the petition as amended did contain allegations of special damage and, as against the demurrer raising this question, it set forth a cause of action.

■ The allegations sufficiently show a publication of the matter alleged to be libelous. The plaintiffs alleged that the four cards on which was printed the allegedly libelous matter were placed or pasted on the front door and windows of the plaintiffs' place of business, where the said pasted and published notices remained for approximately two and one-half hours

from 7 a. m. to 10 a. m., facing on Broad Street in full and glaring view of everyone who passed, and that the said Broad Street at the place where the plaintiffs' business is located is one of the main business thoroughfares of the City of Augusta, along which thousands of people pass hourly during the business day. It was held in *Morgan* v. *Black*, 132 *Ga.* 67 (63 S. E. 821), that, in an action for libel, the mere statement in the petition that the defendant "did publish" the alleged libelous matter was sufficient. The petition in this case more than satisfied that requirement, and even went so far as to show the manner of publication. This ground of the demurrer is without merit.

■ In *Colvard* v. *Black*, supra, on page 646, it was held that whether the publication in question referred to the plaintiff or whether it in fact was libelous of the plaintiff or of some other person, were questions of fact for the jury. Under that ruling, it was a question for the jury in considering all the facts and circumstances in the case, including the manner of publication, to determine whether the facts alleged constituted a libel of the plaintiff.

■ As to the objection regarding the failure of the plaintiffs' petition to set forth special damages, if such allegations were necessary, they were sufficiently alleged in the amendment, which we have held was properly allowed, and the objection was thereafter without merit.

■ The defendants assign error on their exceptions pendente lite to the order making Mrs. Eva S. Sheehan a party plaintiff. "Tony Sheehan, as plaintiff," brought the action for damages against the defendants, and nowhere in his petition does it appear that he sued otherwise than as an individual. In *Blackwell* v. *Pennington & Sons*, 66 *Ga.* 240, 241, it was stated: "In all suits by partners or any two or more persons where the name of any one who ought to have been joined is omitted, the same may on motion be inserted instanter. But it is nowhere provided that a suit commenced by one in his individual name, can be changed into another in the name of partnership." This principle was reaffirmed in *Tolar* v. *Funderburke*, 21 *Ga. App.* 436 (94 S. E. 592), where it was further said: "Had the petition in this case alleged that the amount claimed was due to T. C. Funderburke, a partnership composed of Funderburke and an-

other, it might have been amended by alleging the name of the other partner; but, . . since the suit was brought by Funderburke in his individual capacity, or as an individual, it could not have been converted into a suit in favor of a partnership even by amendment. The ruling in *Myers* v. *Hook*, 11 *Ga. App.* 517 (75 S. E. 833), precisely covers this case. It was there held: 'The plaintiff having alleged in his petition that the defendant was indebted to him as an individual, and having proved that the indebtedness, if there was any, was due by a partnership, he failed to prove his case as laid, and the motion to award a nonsuit should have been granted.' " The court erred in permitting Mrs. Sheehan to be made a party plaintiff.

■ The plaintiff added a paragraph designated "14-a," as follows: "That on June 20, 1947, on which date the defendants did and committed the aforesaid wilful and malicious acts herein complained of, plaintiffs had a very gainful and thriving business at their said place of business, and did have and receive a net weekly income averaging the sum of $300 per week; that as the direct result of and in consequence of the defendants' aforesaid wilful and malicious libel, acts and conduct, plaintiffs' net income fell off and decreased immediately to an average weekly income of $100 per week, and which has continued since then; plaintiffs never having been able to build up or increase their income above that amount, though they have made every effort to do so." The defendants objected to this by demurrer on the ground that it constituted an effort to recover future profits which are too remote and speculative to be recoverable in this action, and because it was an attempt to set up a new cause of action. Nothing in this amendment mentions future profits in any way, and we think that it was properly allowed. It does not appear that it was an attempt to set up a new cause of action.

In view of the ruling made in the 6th division of this opinion, all that occurred in the trial of this case after Mrs. Sheehan was made a party plaintiff was nugatory, and the questions raised by the exceptions pendente lite thereafter filed, by the motion for new trial, and by the cross-bill of exceptions become moot, and will not be considered.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Sutton, C. J., and Felton, J., concur.*