50 N.J. Super. 518 (1958)
143 A.2d 1
FREDERICK STICKLE, PLAINTIFF-RESPONDENT,
v.
JOHN R. TRIMMER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1958.
Decided June 24, 1958.
*520 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Paul L. Blenden argued the cause for defendant-appellant.
Mr. Paul Colvin argued the cause for plaintiff-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
This is an action of libel tried in the Morris County District Court without a jury. The trial judge found for the plaintiff and awarded him $1,200 as compensatory damages.
The alleged libel was a letter sent by defendant, as operator of a collection agency, to plaintiff's employer, an agency of the United States Army. It reads as follows:
 "BONDED ADJUSTMENT BUREAU
 Credit Control Division
 5 East Blackwell Street
 Dover, New Jersey
 December 4, 1956
Personnel Director
c/o Mrs. Olmstead
Picatinny Arsenal
Dover, N.J.
Dear Mrs. Olmstead:
Re: Obligation of your employee: Frederick & Eda Mae Stickle Jr.
To: Barton Jewelers Inc. $89.40
 Rosenbaum's Dep't. Store $48.30
We solicit your cooperation in adjusting the above matter, without reflecting unfavorably on this employee. *521 For some time we have endeavored, without success, to secure his cooperation. If he continues to ignore this obligation our customer may elect to use more drastic measures.
Will you help us keep this on a friendly basis? A self addressed envelope is enclosed for your convenience in offering any recommendations or suggestions.
 Very truly yours,
 (Signature)
 BONDED ADJUSTMENT
 BUREAU By"
As a result of the receipt of the foregoing, the letter was transmitted to plaintiff by a superior with a notice informing him that the employer "will not consider as a fit employee anyone who contracts a debt and then without sufficient excuse neglects to make payments," and that dismissal would result if such were found to be the case and payment was not made.
Plaintiff and his wife testified that he was nervous and upset and lost his appetite because of fear of dismissal over the letter. He was not, in fact, discharged. From all the proofs it is clear that the debts in question had been incurred by plaintiff's son, who at one time had lived with him. There was also proof on plaintiff's behalf, not controverted, that he had previously received letters and many phone calls over a period of months from the defendant, requesting payment of these items, and had on each occasion told the defendant's representatives that he was not the debtor and that he was the only "Fred Stickel" employed at the Arsenal.
The statement of evidence and proceedings by the trial judge states that "it was stipulated at the trial * * * that the defendant is liable for compensatory damages and that plaintiff will not prove malice except that plaintiff may rely upon such proof of malice as may be inferred from the previous notices from defendant to plaintiff." Defendant takes the position that the stipulation referred to is of no presently binding import as to liability, as legal conclusions may be drawn only by the court, citing 50 Am. Jur., Stipulations, § 5, p. 607; Schulz v. State Board of Education, 132 N.J.L. 345, 349 (E. & A. 1945); Cummings v. Policemen's *522 Pension Commission, 109 N.J.L. 97, 99 (E. & A. 1932). From plaintiff's brief and argument we discern no contention that defendant is now barred from arguing the question of the libelous nature of the letter because of the stipulation, and, since the trial court did not rely upon it for its conclusion, we will treat the matter as open for appellate determination.
The libel question presented is one of first impression in this State. To be distinguished is an imputation concerning one in business or commerce that he does not or is unable to pay his debts or obligations. There is general agreement that such a charge is defamatory as harming him in his trade or calling. 1 Harper and James, Law of Torts (1956), § 5.2, p. 357. In application to other kinds of plaintiffs the question has become confused, partly because of the rule in some jurisdictions which carries the distinction between slanderous statements per se (so-called) and such as are actionable only where special damages are proven, from the field of oral statements to that of libel. We held in Herrmann v. Newark Morning Ledger Co., 48 N.J. Super. 420, 444 (App. Div. 1958), reaffirmed on rehearing, 49 N.J. Super. 551 (App. Div. 1958), that under the law of this state all libel is actionable, without proof of special damages. Damage is presumed in the case of all defamatory libels, as distinguished from slanders. Ibid. The cases in other jurisdictions which hold that a statement that one not in trade refuses to pay his debts is not actionable without proof of special damage because it does not fall within the rigid common law categories of statements slanderous per se (including those in respect to one's trade or calling), see 33 Am. Jur., Libel and Slander, § 60, p. 78; Mell v. Edge, 68 Ga. App. 314, 22 S.E.2d 738 (Ct. App. 1942); M. Rosenberg & Sons, Inc., v. Craft, 182 Va. 512, 29 S.E.2d 375, 151 A.L.R. 1095 (Sup. Ct. 1944); Patton v. Jacobs, 118 Ind. App. 358, 78 N.E.2d 789 (App. Ct. 1948), are therefore not helpful. Whether or not stated concerning a person in trade, a writing which is "injurious to the reputation of another or exposing him to hatred, contempt or *523 ridicule or subjecting him to a loss of the good will and confidence entertained towards him by others constitutes a libel * * *," Leers v. Green, 24 N.J. 239, 251 (1957), without the need of proving special damages, Herrmann v. Newark Morning Ledger Co., ubi cit., supra.
We turn to the writing before us to consider whether it injures plaintiff's reputation under the criteria stated. Harper and James take the position that a writing charging failure or inability to pay debts or obligations should not be considered defamatory (in the case of non-traders) "unless it fairly implies that the plaintiff has failed to pay the debt from dishonest motives and from a desire to defraud the creditor." Ibid. (1, § 5.2, p. 358). In Prosser, Torts (2d ed. 1955), it is concluded that it is defamatory "upon its face" to say that plaintiff "refuses to pay his just debts" (§ 92, p. 575). There is long standing authority for the view that:
"It is not dishonorable to be indebted to another, nor is it libelous to publish of another that he owes money. Reg. v. Coghlan, 4 Fost. & F. 316. To be in debt is very common and to be unable to make payment does not necessarily involve moral turpitude." Hollenbeck v. Hall, 103 Iowa 214, 72 N.W. 518, 519, 39 L.R.A. 734 (Sup. Ct. 1897).
Two courts of respectable authority have held, however, that a letter from a creditor to an employer stating, in effect, that the plaintiff has persisted unjustifiably in refusing to pay or in ignoring a just debt could be found defamatory by a jury. Neaton v. Lewis Apparel Stores, 267 App. Div. 728, 48 N.Y.S.2d 492 (App. Div. 1944); Holt v. Boyle Brothers, Inc., 95 U.S. App. D.C. 1, 217 F.2d 16 (D.C. Cir. 1954). The Neaton case went on the basis that such a letter might be taken to impute that plaintiff ignored his debts generally, while the Holt case took the position that a charge of refusal "to pay a just debt" could "hurt the plaintiff in the estimation of an important and respectable part of the community." The Holt court went further than it had to, however, as the imputation there was not merely refusal to pay the debt *524 but persistence in such refusal after "every reasonable effort to collect direct has failed." And see Sheppard v. Dun & Bradstreet, 71 F. Supp. 942 (D.C.S.D.N.Y. 1947); cf. Turner v. Brien, 184 Iowa 320, 167 N.W. 584, 3 A.L.R. 1585 (Sup. Ct. 1918).
We are not here concerned with the question of liability in tort for invasion of privacy or improper or illegal methods of collecting debts, as the case pleaded, tried and determined was strictly one of libel. Compare Quina v. Robert's, 16 So.2d 558 (La. Ct. App. 1944); M. Rosenberg & Sons, Inc., v. Craft, supra; Thompson v. Adelberg & Berman, 181 Ky. 487, 205 S.W. 558, 3 A.L.R. 1594 (Ct. App. 1918); Schieve v. Cincinnati & Suburban Bell Tel. Co., 126 N.E.2d 817 (Ohio Ct. App. 1955).
Clearly there is libel where a claimant writes an employer imputing dishonesty in connection with a debt of the employee, Vail v. Pennsylvania R. Co., 103 N.J.L. 213 (Sup. Ct. 1927) (charge that plaintiff rode on defendant's train tendering an expired ticket). The precise question before us is as to whether the letter sent to plaintiff's employer could, from all the evidence, reasonably be taken to lay to him conduct or characteristics which would substantially lower his reputation with his employer. Some affirmative evidence is afforded by the notice from the employer indicating that it would not regard as a fit employee one who contracted a debt and neglected to pay it without sufficient excuse. A fact-finder might not unreasonably conclude that the "ignoring" of two comparatively small obligations for articles purchased in stores, notwithstanding efforts "for some time" on the part of the creditor's representative "to secure" the "cooperation" of the plaintiff, be-spoke a refusal to pay without sufficient excuse. Certainly, where a statement goes beyond merely charging that plaintiff is indebted on a single obligation and indicates, as here, that he has persistently, over a period of time, ignored efforts to collect from him on two obligations of moderate amount, owing to different creditors, it might reasonably be inferred therefrom by the reader that plaintiff was ignoring his just *525 debts, despite the fact that he was able to pay them if he wanted to  an attitude which the average person might regard as a dishonest or otherwise reprehensible refusal to pay his debts, with distinctly damaging effects upon his good reputation.
While a non-defamatory meaning could also be reasonably derived from the letter  that plaintiff merely was unable to pay  there was enough support for the more invidious inference in the entirety of the proofs to make the question as to how it was understood by the addressee an issue for the fact-finder. Leers v. Green, supra (24 N.J. at page 253). The written decision of the trial judge states: "This letter of December 4, 1956 I hold to be libelous per se as it accused plaintiff of not paying his debts which is a charge of dishonesty." We accept the decision by the trial judge as a permissible determination of the factual issue in favor of the plaintiff.
Defendant does not charge the amount of the judgment to be excessive as compensatory damages for mental anguish. See Bock v. Plainfield Courier-News, 45 N.J. Super. 302, 311 (App. Div. 1957).
Affirmed.