**Theodore HAYNES, Appellant,**

v.

**ALVERNO HEIGHTS HOSPITAL,
Appellee.**

**No. 45190.**

Supreme Court of Oklahoma.

Oct. 23, 1973.

Simon B. Spradlin, Oklahoma City, for appellant.

John T. Edwards, Monnet, Hayes, Bullis, Grubb, Thompson & Edwards, Oklahoma City, for appellee.

SIMMS, Justice.

The appeal in this case arises from the trial court's sustaining of a general demurrer to plaintiff-appellant's petition. The petition, which asked for special and punitive damages, alleged that on April 16, 1971, the defendant hospital maliciously sent a letter to the social security office in Oklahoma City, plaintiff's Civil Service employer, falsely stating plaintiff owed the hospital $133.40 for hospital services.

The letter stated, in part:

"We realize that you cannot act as a collection agency for us, but your co-operation in urging your employee to pay this bill will be sincerely appreciated."

The letter further stated that the plaintiff had agreed to pay the bill in full on Janu-

ary 1, 1971, and that the last date of payment was made on February 26, 1971.

Plaintiff, in his amended petition does not allege that he was discharged as a result of the letter, he does allege that one of the grounds for discharge by the Civil Service Commission is evidence that an employee refuses to pay his just and honest debts and obligations. He concludes, therefore, that "his personnel rating and his standing with his employer" were specially damaged in the sum of $2,000. Plaintiff further prays for $20,000. exemplary damages.

In his brief, plaintiff argues that the language he used in his petition is substantially the same language used in 12 O.S. 1971, § 1441. That statute reads in relevant part:

> "Libel is a false or malicious unprivileged publication by writing . . . which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation . . ."

■ The established rule for determining the validity of a petition in a libel suit is that where a writing is not libelous per se, recovery is dependent on allegation of special damages. Fite v. Oklahoma Publishing Co., Okl., 146 Okl. 150, 293 P. 1073 (1930). *Fite, supra,* also set forth the general rule of determining whether a publication is actionable per se:

> "The term 'per se' means 'by itself; simply as such; in its own nature without reference to its relations' . . . and, in connection with slander and libel, the term is applied to words which are actionable because they, of themselves, without anything more, are opprobrious. In other words, a publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one, and the publication on its face shows that the derogatory statements, taken as a whole, refer to the plaintiff, and not to some other person."

■ Applying the above rule to the petition in the instant case, the only thing that can be said is that the letter complained of states that the employee has not paid a bill. That is not to say that the employee is a scoundrel, or that he is dishonest because he does not pay his just and fair obligations. The letter merely alleges that the plaintiff has not paid this particular debt and the hospital is asking for assistance from the employer. The rule to be followed in this state is that for a creditor's letter to an employer to be libelous, it must prejudice the employee by impeaching his skill or knowledge or by attacking his conduct in his business. Kee v. Armstrong, 75 Okl. 84, 182 P. 494 (1919).

Although there have been letters sent by creditors to employers of debtors which have sustained a cause of action for libel in other jurisdictions, the statements set forth in the letters have been much more severe and oppressive than the letter in the instant case. Holt v. Boyle Brothers, 95 U.S.App.D.C. 1, 217 F.2d 16 (1954). In New Jersey, all libel is considered actionable without proof of special damages. The New Jersey courts have held creditor letters to employers to be actionable per se. Stickle v. Trimmer, 50 N.J.Super. 518, 143 A.2d 1 (1958); Neigel v. Seaboard Finance Co., 68 N.J.Super. 542, 173 A.2d 300 (1961). However, Oklahoma has never followed the New Jersey Rule.

The majority rules was. followed in a 1959 Georgia case with facts very similar to the instant case. In Haggard v. Shaw, 100 Ga.App. 813, 112 S.E.2d 286 (1959), a creditor's collection agent wrote to the debtor's civil service employer, seeking assistance in the collection of an allegedly overdue account. In her petition, the plaintiff complained that the letter's imputation of poor credit injured her governmental employment which required a good credit rating. The court affirmed the sustaining of a demurrer and the dismissal of the action, holding that a writing which does not contain a ﹀rge directly referring to one's employment is not actionable

without proof of special damages. Thus, the court stated, when the plaintiff failed to allege that her credit rating was, in fact, affected or that she was discharged, and where the letter was not written to persons extending credit to her, the requirement that special damages be shown was not met. The Georgia case is persuasive authority for affirming the trial court's ruling in the instant case.

Since we find that the publication was not libelous per se, we must now turn to the question of whether plaintiff's petition alleged special damages sufficient to support a cause of action.

Plaintiff's petition alleges: "That as a result of receipt by plaintiff's employer of such adverse and untrue information, upon the instigation of defendant, plaintiff suffered special damage to his personnel rating and his standing with his employer in the sum of $2,000." We do not believe this is a sufficient allegation of special damages to meet the requirements set forth in Oklahoma Publishing Company v. Gray, 138 Okl. 71, 280 P. 419 (1929):

"In pleading special damages, it is insufficient to allege generally 'that said false and defamatory matter so published and circulated in Kingfisher county and throughout the state of Oklahoma by said defendant of and concerning said plaintiff, and of and concerning said plaintiff in reference to his profession and business, exposed said plaintiff to public hatred, contempt, ridicule, scorn, and obloquy, and with the intent to deprive him of public confidence and injure him in his profession and business, and by reason of the publication and circulation aforesaid in Kingfisher county, state of Oklahoma, of said matter by defendant, said plaintiff has been damaged in the sum of $30,000,' without showing by proper averment how the special damages were occasioned."

Likewise, in the case of Edwards v. Crane, Okl., 292 P.2d 1034 (1956), this Court sustained a demurrer to a petition which merely set forth in conclusionary form an allegation of special damages. In that case the petition stated:

". . . that [plaintiff] has been damaged to his reputation in the amount of $2,500.00 by virtue of the false and malicious charges hereinabove alleged; that the plaintiff has been injured further in his place of business, by reason of the above and foregoing, and to his reputation and standing in the community, in the amount of $2,500.00. Plaintiff further states that he is, by reason of the false and malicious statements, hereinabove recited, unable to continue, and has not continued his Service Station operation . . ." 292 P.2d at 1035–1036.

The petitions in the above cases, like the petition in the instant case, do not state how the so-called special damages were occasioned, or that the special damages were even the natural and proximate result of the publications complained of. Therefore, even though the damages may have been called special damages, there were, in fact, no special damages plead.

Since the publication was not libelous per se, and there was no allegation of special damages, the trial court was correct in sustaining the demurrer to the petition.

Certiorari granted. Judgment of the Court of Appeals reversed. Order of the trial court sustaining the demurrer and ordering the case dismissed, is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

HODGES, J., dissents.