### 43980. CITY OF ATLANTA v. WILLIAMS.

WHITMAN, Judge. This appeal is by the defendant below from an order denying defendant's motion for new trial. Plaintiff sued to recover for property damage sustained when plaintiff's car, being driven by his wife, struck a raised manhole in the street. The damage was allegedly caused by the defendant's failure to repair a defective condition of the street, to wit, a dip and a protruding manhole cover, and in failing to warn motorists of such defective and dangerous condition. *Held:*

1. The first enumerated error is that the trial court erred in overruling defendant's "motion for dismissal" at the conclusion of plaintiff's evidence made upon the ground that it was not proven that the City of Atlanta had received prior notice of the defect or condition.

Notice to the city of a defect may be inferred if the defect has existed for a sufficient length of time. *Code* § 69-303. One

of plaintiff's witnesses testified that she lived on the street where the occurrence took place and knew of at least four accidents involving the same hole during the previous year; that the condition had existed for "quite a while." Whether this evidence was sufficient to constitute notice to the City of Atlanta was a question for the jury. *McKay v. City of Atlanta,* 80 Ga. App. 797 (3) (57 SE2d 432). The trial court did not err in overruling the defendant's motion.

2. The next enumerated error relates to a failure of the trial court to give a requested charge. No objection having been made thereto prior to the return of the verdict, this enumeration presents nothing for consideration. *Caudell v. Sargent,* 118 Ga. App. 405 (164 SE2d 148); *Code Ann.* § 70-207 (a, b) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

3. The admission of certain testimony by plaintiff as to damages is also enumerated as error. The plaintiff testified that he bought the automobile new. He described its condition prior to the collision, and he described the physical damage done to the automobile. He stated that he had bought and sold five or six automobiles in the past; and that in his opinion the car had a value of about $1,800 immediately before the collision and about $1,000 immediately after. This testimony was not objected to by defendant.

On cross examination, the plaintiff testified that he had never operated an automobile body shop; that he had never, himself, repaired damaged automobiles or made appraisals of them, and that he did not generally know the value of wrecked automobiles.

On redirect, plaintiff testified that he did have an opinion as to value and that is to what his testimony related.

Aside from the fact that there was no objection to any of the above testimony, and no rulings invoked, the testimony as to value was admissible since the plaintiff had described the prior condition of his automobile and the extent of the physical damage thereto. See *Taber Pontiac, Inc. v. Osborne,* 116 Ga. App. 274 (157 SE2d 33); *Johnson v. Rooks,* 116 Ga. App. 394 (157 SE2d 527); *Nail v. Hiers,* 116 Ga. App. 522 (157 SE2d 771); *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782).

4. The last enumeration of error, that the trial court erred in

overruling its motion for new trial, is unsupported by argument or citation of authority and is deemed abandoned. *Smith v. Biggers,* 115 Ga. App. 661 (2) (155 SE2d 719); *Gunnells v. Cotton States Mut. Ins. Co.,* 117 Ga. App. 123, 124 (159 SE2d 730); *Edge v. State,* 117 Ga. App. 628 (161 SE2d 420).

  *Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED OCTOBER 7, 1968—DECIDED MARCH 11, 1969.

*Henry L. Bowden, Robert A. Harris, Henry M. Murff,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, Hugh F. Newberry,* for appellee.