27034.   HALE v. HIGGINBOTHAM.

Argued February 14, 1972—Decided March 9, 1972—
Rehearing denied March 23, 1972.

*Walton Hardin,* for appellant.

*Orr & Kopecky, Wilbur A. Orr,* for appellee.

Nichols, Justice. 1. Under the testimony adduced upon the trial, the value of a "milk base" to a dairyman is that it determines the amount of milk which is salable at Class I prices, while any amount in excess of such "milk base" produced by such dairyman must be sold at a lesser price. There was evidence adduced which would have authorized

the jury to determine that the price agreed upon by the parties was not inadequate so as to authorize the refusal of a specific performance decree upon such ground.

Nor is the contention of the seller meritorious that, since the quantity was unknown at the time he agreed to sell, the contract is not binding. The amount of "milk base" was determinable under standards set by the Federal Government. The amount sold, while the exact quantity was unknown at the time, the offer was made and accepted, was much like an offer to purchase a growing crop (see *Code Ann.* § 109A-2—107 (2)), for while the exact quantity is not known, it is ascertainable and determinable.

While tender of the contract price is a prerequisite to the right to obtain specific performance of a contract, yet such necessity is waived where a vendor proclaims by conduct or declaration that a tender would be refused if made, for equity does not require a useless thing. See *Smith v. Standard Oil Co.,* 226 Ga. 339, 340 (175 SE2d 14). Thus, in the present case, where there was evidence that the vendor stated it would require 12 men to make him transfer the "milk base," the vendee was excused from making a legal tender.

The evidence authorized the verdict and the trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict.

2. Numerous enumerations of error relate to the admission of evidence relating to the sale of 500 pounds of the "milk base" to one Larry Roberson at the same time the agreement to sell the remainder of the "milk base" to the plaintiff was entered into.

Inasmuch as the defendant admitted the sale in the case sub judice, any error in admitting the evidence as to the other sale which took place at the same time was harmless, if error. The same would be true of evidence of other items sold during the auction.

3. The verdict and judgment being only for specific performance of the sale and no item of loss profits being included therein, the 12th enumeration of error, which

complains of the admission of evidence of loss profits, shows no reversible error.

4. The remaining enumeration of error complains that if recovery were allowable at all, the plaintiff is limited to a recovery of only one fourth of the "milk base" since the plaintiff testified that he was in partnership with one other person and he had also agreed to transfer one half of the "milk base" to still another person. Under the decision in *Council v. Teal,* 122 Ga. 61 (2) (49 SE 806), this enumeration of error is without merit. Had the contract to purchase been entered into by the partnership rather than by the plaintiff individually, a different result would of necessity be reached. See *Granger v. Knight,* 134 Ga. 839 (3) (68 SE 648).

The verdict being authorized by the evidence and no error of law appearing, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

The contention that no written contract was entered into and, therefore, no valid contract could be possible because of the requirements of the Statute of Frauds is without merit since the seller admitted in his testimony that the contract of sale, as alleged in the plaintiff's complaint, was made. See *Code Ann.* § 109A-2—201 (3) (b).