## 48249. MYERS v. UNITED SERVICES AUTOMOBILE ASSOCIATION.

358

Argued May 29, 1973 — Decided November 1, 1973 — Rehearing denied November 30, 1973 —

*Joseph B. Bergen,* for appellant.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, Richard A. Rominger,* for appellee.

QUILLIAN, Judge. Section 13 of the Civil Practice Act (Code Ann. § 81A-113 (a); Ga. L. 1966, pp. 609, 625) recites: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the

opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action." Under this section a party may not "decline to litigate" in the original action and seek to bring a separate suit. *Best v. Ga. Power Co.*, 224 Ga. 669 (164 SE2d 125).

In 3 Moore's Federal Practice 13-333, § 13.14 [2], it is pointed out that in 1946 the Federal Rules were changed to make it clear that the exception applies only if at the time the action was commenced the claim was the subject of a pending action. "The possibility of a contrary construction was regarded as undesirable since it would permit a party having a claim which would be the subject of a compulsory counterclaim to avoid stating it as such by bringing an independent action in another court after the commencement of the federal action but before serving his pleading in the original federal action." Id. It is clear in this case that at the time the declaratory judgment action was commenced that the third-party complaint was not pending in the other suit. Hence, the exception set forth in Section 13 of the Civil Practice Act is not applicable.

Myers argues that the third party complaint is a separate cause of action from that contained in the declaratory judgment proceedings. However, this is not the determinative factor in deciding whether under Section 13 (a) Myers was required to plead the issues he sought to raise in the third party complaint. The key phrase is that the claim "arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim."

The term "occurrence" or "same transaction" has been given a broad and realistic interpretation by the federal courts. "As the Supreme Court of the United States has said, '"transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.' [Moore v. New York Cotton Exchange, 270 U. S. 593 (46 SC 367, 70 LE 750)]. Thus the test to be applied in determining whether a counterclaim is compulsory is whether there is any logical relationship between the claim advanced by the plaintiff and the claim asserted by the defendant." 2 Kooman, Federal Civil Practice, 158, § 13.10. "Any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim." 3 Moore's Federal Practice 13-300, 13-302, § 13.13. The declaratory judgment action involved interpretation of the insurance contract; Myers'

claim rested on that same contract. Here, without question, the claim for attorney fees and bad faith damages arose out of the same occurrence or transaction as the suit for declaratory judgment. That being true, it was incumbent upon Myers to file his compulsory counterclaim to the declaratory judgment action. Upon his failure to do so, and upon conclusion of that suit he was thereafter precluded from attempting to recover the damages he seeks in the third-party complaint.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. Applying Section 13 of the Civil Practice Act and Code § 110-501, this court has held that a defendant in a former action had "a duty to litigate each and every issue which existed between the parties touching the subject matter" of a subsequent action in which she was the plaintiff. *Leggett v. Gibson-Hart-Durden Funeral Home,* 123 Ga. App. 224, 225 (180 SE2d 256).

The trial judge properly dismissed the third-party complaint.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ON MOTION FOR REHEARING.

Movant asserts that the opinion overlooks the fact that although the answer to the declaratory judgment action and the third party complaint were filed on the same day that in fact the third party complaint was filed first.

This fact is not controlling. Under Section 13 of the Civil Practice Act and the authority previously cited, Myers must have filed his third party complaint prior to the time the declaratory judgment action was *commenced,* not prior to the time an answer was filed to the declaratory judgment action. Once the declaratory judgment action began Myers had to counterclaim there and not in another action.

It is also argued that the original suit was pending prior to the declaratory judgment action. However, Section 13 (a) provides that a compulsory counterclaim need not be plead if "at the time the action was commenced the claim was the subject of another pending action." The original suit in no way involved any claim of Myers against United Services. Thus, at the time of the commencement of the declaratory judgment action, this claim was not the subject of a pending action.

*Motion for rehearing denied.*