### 53233. BRITTANY APARTMENTS v. CHAPMAN.

SMITH, Judge.

Section 13 (a) of the Civil Practice Act (Code Ann. § 81A-113 (a)) reads: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Under this section, if the counterclaim arises out of the transaction or occurrence that is the subject matter of a suit against a party, the party may not decline to litigate in the original action and bring a separate suit. *Harbin Lumber Co. v. Fowler,* 137 Ga. App. 90 (222 SE2d 878); *Myers v. United Services Auto. Assn.,* 130 Ga. App. 357 (203 SE2d 304).

Where, as in the present case, a tenant upon demand vacates the rented premises and later is sued for rentals allegedly due under the lease and the tenant files no defense or counterclaim, and a judgment is taken against the tenant, the tenant having failed in that action to file a counterclaim for an alleged deposit and prepaid rent cannot in a separate action recover therefor. The trial judge therefore, in the present action by the tenant seeking such recovery, erred in refusing to enter a judgment, in favor of the landlord.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 18, 1977 — DECIDED FEBRUARY 1, 1977.

*Joffe & Joffe, Edward M. Joffe,* for appellant.
Newell Chapman, *pro se.*