## 53492. BORDERS v. WRIGHT.

SMITH, Judge.

This is an appeal from a verdict and judgment rendered in an action brought against the appellant, Betty B. Sinclair Borders, by "A. P. Wright, Individually, and d/b/a Wright's Farm." The action was one seeking to recover for advances or loans allegedly made to defendant or for her benefit. These alleged advances were partially

proven by checks drawn on a "Wright's Farm" bank account. Most of them were signed by the defendant who at the time was bookkeeper for the plaintiff and was authorized by A. P. Wright to sign the checks. The defendant denied the indebtedness claiming the amounts represented by the checks were gifts to her or her children. She further pled, "That she had rendered to plaintiff valuable service as a bookkeeper for a period of time beginning in the summer of 1972 and extending through the summer of 1973 at the instance and request of plaintiff for which she has not been paid and of a value far in excess of any claim plaintiff may have against her." She also testified that the value of these services was $2,065. The action by the plaintiff sought to recover $1,958.79 plus interest. The verdict and judgment were for that amount together with $228.59 interest. The defendant appealed from this judgment and brought her case to this court for review. We affirm.

1. The appellant contends that the evidence demands a finding "Wright's Farm" was a partnership composed of plaintiff and his wife and that because of this, the funds advanced belonged to the partnership and A. P. Wright as a partner could not recover a partnership debt. See in this connection *Granger v. Knight,* 134 Ga. 839 (3) (68 SE 648); *Frost v. Schackleford,* 57 Ga. 260; *Manning v. Gettys,* 48 Ga. App. 203 (172 SE 571); *City of Atlanta v. Williams,* 119 Ga. App. 330 (167 SE2d 216); *Smith v. Singleton,* 124 Ga. App. 394 (184 SE2d 26). However, even should we assume (but we do not so decide) that the evidence would demand a finding the monies advanced by A. P. Wright to the defendant were funds belonging to the partnership, "Wright's Farm," the evidence clearly authorizes a finding the loans were made by A. P. Wright as an individual to the defendant. The method of conveying the funds was by checks drawn on a partnership account of which A. P. Wright was a member. This fact does not, as a matter of law, make the partnership a creditor of the defendant rather than the individual partner. The defendant's evidence and testimony show only claimed "gifts" from A. P. Wright, the plaintiff, and admits that one of the checks was for a loan from A. P. Wright. Nowhere does her evidence show

the "gifts" (represented by checks) were "gifts" from the partnership, but show instead they were "gifts" from A. P. Wright and the only "loan" admitted by defendant (represented by a check) was a loan made by A. P. Wright. Other than the checks themselves there is absolutely no evidence that the partnership made any loans to the defendant. It does not appear the defendant knew of any such partnership, assuming one existed. A debt does not become owed to a partnership simply because a check drawn on an account of the partnership is used to transfer funds loaned to a debtor by one of the partners: The individual partner remains the creditor. It is a question of who the parties to the contract were, not the source of the funds. *Council v. Teal,* 122 Ga. 61 (2) (49 SE 806); *Hale v. Higginbotham,* 228 Ga. 823, 826 (188 SE2d 515). There was no error in overruling the defendant's motion for judgment n. o. v.

2. One of the enumerations of error reads as follows: "The Court erred in improperly restricting appellant's cross-examination of appellee (plaintiff) and by its rulings denying appellant the right of a thorough and sifting cross-examination of appellee and the right to inspect documents to which appellee had testified on direct examination. Said documents being available in court, readily accessible to appellee." The portions of the record referred to by the appellant in reference to this enumeration of error discloses the following: When testifying on direct examination, the plaintiff mentioned a list of items given his attorney consisting of items sued upon and other items not sued upon which he did not claim were loans in the present action. This list was not introduced in evidence. Defendant's attorney upon cross examination of the plaintiff, demanded a production of this list of items not sued upon. The trial judge refused to grant his demand on the grounds that such list was a privileged communication between an attorney and client. Subsequently he asked the witness, "What is there on that list that is so damaging?" An objection to the question was sustained. Immediately thereafter, defendant's attorney was allowed to cross examine the witness about the items on the list; but he did so as to one item.

This enumeration alleges two distinct errors: (a) not granting the defendant's demand that the list be produced, and (b) not allowing cross examination as to the contents of the list. There is neither argument nor citation of authority to support allegation (a), and it is therefore considered as abandoned. *City of Atlanta v. Williams,* 119 Ga. App. 353 (4) (166 SE2d 896). The record does not support appellant's claim that he was denied the right to cross examine the plaintiff as to items on the list; therefore, allegation (b) will not be considered. *Dual S. Enterprises, Inc. v. Webb,* 138 Ga. App. 810 (10) (227 SE2d 418).

3. The appellant also complains because the trial judge charged the jury as to counterclaims, she contending that she made no counterclaim. Her pleadings and her testimony in the case disclosed the contrary. There is no merit in this enumeration of error.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED FEBRUARY 1, 1977 — DECIDED APRIL 8, 1977.

*Wiggins & Camp, William J. Wiggins,* for appellant.
*Tisinger, Tisinger & Vance, Robert D. Tisinger, Thomas E. Greer,* for appellee.