## 56727. P & J TRUCK LINES, INC. et al. v. CANAL INSURANCE COMPANY.

BIRDSONG, Judge.

The facts of this case reflect that Paul Thompson together with one Andrew Williams formed P & J Truck Lines, Inc. Following an accident in which a tractor and trailer were destroyed by fire, Thompson, as principal owner, filed a claim against his insurer, Canal Insurance Co. Canal denied liability and returned the premiums paid by Thompson and P & J Truck Lines. Suit was then filed by Thompson and P & J to recover from Canal for the loss incurred and allegedly covered by Canal as insurer. Following trial, judgment was rendered against Canal. Canal appealed the judgment, which was affirmed by this court. *Canal Ins. Co. v. P & J Truck Lines,* 145 Ga. App. 545 (244 SE2d 81). Canal's application for certiorari to the Supreme Court was withdrawn and the judgment of this court became final.

After remittitur, a creditor of P & J Truck Lines notified Canal that payment of the judgment to P & J should not be effected pending resolution of the indebtedness. Canal then filed an equitable petition as a stakeholder, seeking guidance as to whom to pay the proceeds of the insurance. Following answer by P & J, Canal amended its petition seeking to recoup from P & J the insurance premiums refunded to P & J after Canal's denial of liability but before suit was filed against Canal by P & J. The trial court in its order answered Canal's

inquiry as to the proper disbursement of the insurance proceeds and directed that P & J refund the previously paid premiums to Canal. The sole enumeration of error deals with that portion of the court's order directing P & J to repay these premiums to Canal. *Held:*

Appellate courts will labor to retain intact the judgment of a trial court; however, we are also duty-bound to be just before we are generous. *Pa. Millers Mut. Ins. Co. v. Heule,* 140 Ga. App. 851, 854 (232 SE2d 267). In this case, the payment of premiums and subsequent refund to P & J was highly relevant to P & J's right to recover for its insured loss from Canal and was directly involved in the original suit filed by P & J as plaintiff. Ga. L. 1966, pp. 609, 625 (Code Ann. § 81A-113 (a)) provides: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The term "occurrence" or "same trans-action" has been given a broad and realistic inter-pretation by the courts. Thus, the test to be applied in determining whether a counterclaim is compulsory is whether there is a logical relationship between the claim advanced by the plaintiff and the claim asserted by the defendant. 2 Kooman, Federal Civil Practice 158, § 13.10. Any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim. 3 Moore's Federal Practice 13-297, 13-300, 13-302, ¶ 13.13. Here, without question, the recoupment of the premiums from P & J was directly related to the suit on the insurance contract for which the payment of the premiums originally gave life. Accordingly, it was incumbent upon Canal to file its compulsory counterclaim for the return of premiums in response to P & J's action for the collection of insurance proceeds against Canal. Upon conclusion of the litigation, Canal's failure to plead this compulsory counterclaim thereafter precluded it from attempting to assert said claim in a separate, second litigation. *Brittany Apts. v. Chapman,* 141 Ga. App. 168 (233 SE2d 27). See *Myers v. United Services Automobile*

*Assn.,* 130 Ga. App. 357, 360 (203 SE2d 304). Thus, Canal was precluded from attempting to recover, in a subsequent action, the premiums returned to P & J.

A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. Code Ann. § 110-501. Canal was required in the initial action between itself and P & J to litigate each and every issue arising out of the transaction upon which that suit was predicated. Code Ann. § 81A-113 (a). The failure to file and litigate the compulsory counterclaim subjects Canal to a dismissal of that claim. *Leggett v. Gibson-Hart-Durden Funeral Home,* 123 Ga. App. 224, 225 (180 SE2d 256). It follows that the trial court erred in awarding to Canal Insurance Company the refund of its premium in the amount of $840. *Myers v. United Services Automobile Assn.,* supra.

The order and judgment of the trial court is affirmed except that paragraphs 5 and 7 of the order are reversed with direction that paragraphs 5 and 7 of the order be deleted and paragraph 8 be reformed to conform to the decision of this court as set forth hereinabove.

*Judgment affirmed in part and reversed in part with direction. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 10, 1978 — DECIDED NOVEMBER 2, 1978.

*Brown, Katz, Flatau & Hasty, S. Phillip Brown,* for appellants.
*Jones, Cork, Miller & Benton, E. Bruce Benton,* for appellee.