66379. SCHOEN et al. v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA.

BANKE, Judge.
This is a dispossessory action brought by the appellee against the appellants in the State Court of DeKalb County. In a previous appearance of the case, we held that the proceedings should have been abated pending the determination of a prior action brought by the appellants against the appellee in Fulton County Superior Court, attacking the appellee's title to the property in question. See *Schoen v. Home Fed. Savings &c. of Atlanta,* 154 Ga. App. 68 (267 SE2d 466)

(1980). The appellee subsequently prevailed in the Fulton County action and moved the DeKalb State Court both to issue a writ of possession and to disperse all rent previously paid by appellants into the court's registry. The DeKalb State Court granted both requests, re-adopting the findings of fact and conclusions of law which it had previously entered in conjunction with the prior, abated judgment.

On appeal, appellants assert that the court erred in re-adopting the findings of fact contained in its earlier order and that the appellee was barred by the doctrine of *res judicata* from seeking the rentals paid into the DeKalb Court registry. The latter argument is based on the contention that the claim for the rentals could and should have been made by counterclaim in the Fulton County action, wherein the appellants had sought to set aside a deed to one of the appellee's predecessors in title based on alleged fraudulent misrepresentations. *Held:*

1. A party must assert a counterclaim "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." OCGA § 9-11-13 (a) (Code Ann. § 81A-113). See *P & J Truck Lines v. Canal Ins. Co.,* 148 Ga. App. 3 (251 SE2d 72) (1978). The broad test to be applied in determining whether a counterclaim is compulsory is whether a logical relationship exists between the respective claims asserted by the opposing parties. *Myers v. United Services Auto. Assn.,* 130 Ga. App. 357 (203 SE2d 304) (1973); *P & J Truck Lines,* supra.

The appellants' Fulton County action sought cancellation of a warranty deed they had executed to Minter Financial Services in 1977. Minter had subsequently conveyed the property to Robert Smith, who in turn executed a deed to secure debt to Federated Financial Mortgage Corporation, which then assigned the security deed to the appellee. In the DeKalb State Court action, the appellee sought a writ of possession and recovery of the fair rental value of the property from the appellants for the period they had wrongfully refused to surrender the premises.

Even interpreting the terms "transaction or occurrence" broadly, we are unable to conclude that the relationship between these two claims was such that the appellee was required to assert its claims for possession and rent by counterclaim in the appellants' Fulton County action. Although the issues in the two cases were related in the sense that the appellee would not have been entitled to assert a possessory interest in the property if the deed had been set aside by the Fulton County Court, it does not follow that the appellee's right to claim rentals for the appellants' occupancy of the property

arose from the "transaction or occurrence" being litigated in Fulton County. A contrary conclusion would demand the absurd result that the appellee, having prevailed in the Fulton County action, forever lost its right to possession of the property. The *res judicata* defense was clearly without merit. See generally *Harbin Lumber Co. v. Fowler,* 137 Ga. App. 90 (2), 92-93 (222 SE2d 878) (1975); *Harris v. Harris,* 149 Ga. App. 842 (256 SE2d 86) (1979).

2. The DeKalb State Court did not err in adopting the findings of fact contained in its prior abated order. The abatement was required solely because the DeKalb action could not be resolved until the question of title was disposed of in the Fulton County action. None of the DeKalb Court's factual findings were questioned or reversed, and the re-adoption of those findings upon the termination of the abatement was simply a sound exercise in judicial economy. Cf. *Talley v. City Tank Corp.,* 158 Ga. App. 130 (1) (279 SE2d 264) (1981).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 13, 1983 —
REHEARING DENIED JULY 28, 1983 — 

*Fred A. Gilbert,* for appellants.
*Paul Oliver,* for appellee.