69228. B. J. HOWARD CORPORATION et al. v. SKINNER, WILSON, STRICKLAND, HARDY & BENSON et al.
(323 SE2d 663)

DEEN, Presiding Judge.

The B. J. Howard Corp., Landmark Enterprises, Billy J. Howard and Patricia Howard appeal from the grant of summary judgment in favor of appellees, a law firm, a partner in the firm and two associates of the firm.

In the latter part of 1977, Wilson, a partner in the law firm, was employed to represent the corporation and during 1979 the law firm performed certain legal services on behalf of Landmark Enterprises. After July 1980, the law firm ceased to represent or perform legal services for appellants. Slone served as president of The B. J. Howard Corp. and was a member of the Board of Directors from 1979 until 1980. A dispute arose between appellants and their attorneys over the amount of legal fees owed to the firm, and in January 1981 the law firm filed suit against Howard individually and The B. J. Howard Corp. to recover the fees owed for services performed from 1977 to 1980. A judgment was entered on a jury verdict in favor of the law firm on July 22, 1983. After the firm ceased to represent appellants, the law firm was employed by Slone and it filed two suits on his behalf in the State Court of DeKalb County against Howard, The B. J. Howard Corp. and Landmark Enterprises for breach of contract. In 1981 the law firm filed a shareholder derivative suit on behalf of Slone against appellants in the Superior Court of DeKalb County and summary judgment was granted in favor of appellants.

In March 1983, the present action was filed by appellants contending that the law firm had breached its duty and was negligent in certain particulars during the attorney-client relationship and that legal malpractice occurred when it represented Slone in the shareholder

derivative action against them.

1. That portion of the complaint relating to the law firm's representation of appellants prior to July 1980 was a compulsory counterclaim which was required to be asserted in the law firm's suit for legal fees, as it arose out of the same occurrence or transaction as the suit in chief. The judgment in that case is res judicata as to the malpractice claim. OCGA § 9-11-13 (Code Ann. § 81A-113 (a); *P & J Truck Lines v. Canal Ins. Co.*, 148 Ga. App. 3, 5 (251 SE2d 72) (1978).

2. Appellants, in further contending that the trial court erred in granting summary judgment, rely upon the affidavit of Professor L. Ray Patterson, who expressed his expert legal opinion that after reading the complaint and answer in the case he had concluded that it stated "a prima facie case evidence of malpractice against the defendants and is sufficient to withstand a motion for summary judgment."

"[I]n a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner. This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of a summary judgment in favor of the attorney is proper. Should this presumption be rebutted by expert legal testimony there is presented for the jury a question of fact." *Hughes v. Malone*, 146 Ga. App. 341, 349 (247 SE2d 107) (1978). See also *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45) (1978); *Gibson v. Talley*, 156 Ga. App. 593 (275 SE2d 154) (1980).

The expert's statement that he has reviewed the appellant's pleadings and finds them sufficient does not address the issue on summary judgment. The issue is not whether the plaintiff had pleaded a case of legal malpractice, but whether the defendants had pierced the pleadings by evidence on the motion sufficient to show that they had not breached the standard of care owed to the plaintiffs. In his deposition, Howard admitted that he did not know of any specific confidential or intimate knowledge used by the appellees in the lawsuits filed against him and his corporations on behalf of Slone. Wilson, however, testified in his professional opinion Slone had standing to bring a shareholder derivative action, that his representation of Slone did not involve any matter in which he had previously represented the appellants and there was no breach of the prior confidential relationship with appellants.

Accordingly, we find a jury question was not presented and the trial court did not err in granting summary judgment in favor of appellees.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

Decided October 24, 1984.

*Philip L. Ruppert, Mark Stevens*, for appellants.

*William B. Brown, James J. Brissette, William H. Major*, for appellees.