69084. HARRELL v. GOMEZ et al.
(329 SE2d 302)

CARLEY, Judge.

Appellees and another joint venturer purchased two apartment complexes, and appellee Gomez contracted with appellant to renovate and manage them. The instant case involves appellant's alleged breach of the management contract as well as appellant's alleged tortious conduct independent of the contract. A trial was held, and the jury awarded appellees compensatory damages and interest thereon, exemplary damages, and attorney fees. Appellant appeals from the judgment entered on the jury's verdict.

1. Appellant first contends that the trial court abused its discretion in denying his motion for a continuance. The motion was based upon the alleged failure of appellees to timely provide appellant with the names of witnesses who would testify at trial.

During the discovery phase of the proceedings, appellant propounded an interrogatory to appellees which sought disclosure of the identities of persons who had information concerning appellees' allegation that appellant had been grossly negligent in his management of appellees' properties. In response, appellees revealed the names and addresses of three persons. At a pretrial conference held five days prior to trial, counsel for appellees informed appellant that certain other named individuals would be called as witnesses. These persons

would be testifying not about appellant's alleged gross negligence, but about other matters. When the case was called for trial, appellant sought a continuance on the ground that he had not had time to interview these witnesses and to investigate the facts to which they would testify. The motion was denied.

Appellant knew of the existence of the additional witnesses several days prior to trial, and thus he cannot legitimately claim surprise. See *Kamensky v. Stacey*, 134 Ga. App. 530, 532 (215 SE2d 294) (1975). During the time between the pretrial conference and the trial, appellant made no effort whatsoever to contact the named persons or to determine what their testimony would be. Thus, it appears that appellant had an opportunity to interview the witnesses, and that he declined to do so. "Such an 'all or nothing' stance in the situation faced by [appellant] was ill-advised. [Appellant] now argues that the court did not afford him 'reasonable' opportunity to interview the witnesses. However, we cannot say whether the time afforded for the interviews . . . would have been reasonable or not because [appellant] waived the opportunity." *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211, 212 (3) (319 SE2d 38) (1984). See also *Redwing Carriers, Inc. v. Knight*, 143 Ga. App. 668, 673 (8) (239 SE2d 686) (1977). Under such circumstances, the trial court's denial of appellant's motion for a continuance was not an abuse of discretion.

2. Appellant enumerates as error the trial court's failure to direct a verdict in his favor on the ground that not all of the owners of the two apartment complexes were parties plaintiff in the action against him. Appellant contends that his liability, if any, is to all of the joint venturers who purchased the properties, rather than just to the named plaintiffs.

The subject properties were purchased by three entities as a joint venture. However, the venturers bestowed authority upon appellee Gomez to manage the properties, and Gomez individually entered into the contract with appellant upon which this suit was founded. Applying the rules governing partnerships in such a situation (*Boatman v. George Hyman Constr. Co.*, 157 Ga. App. 120, 123 (276 SE2d 272) (1981); *Bowman v. Fuller*, 84 Ga. App. 421, 426 (66 SE2d 249) (1951)), it is clear that since Gomez entered into the agreement individually, it was not necessary for him to join all of the other venturers as plaintiffs in a suit arising out of the contract. See *Hale v. Higginbotham*, 228 Ga. 823, 826 (4) (188 SE2d 515) (1972); *Council v. Teal*, 122 Ga. 61 (2) (49 SE 806) (1904); *Borders v. Wright*, 141 Ga. App. 878, 879-880 (1) (234 SE2d 708) (1977). There was no error.

3. Appellant next asserts that the trial court erred in refusing to direct a verdict in his favor and in entering judgment against him. Appellant's position is that he was a nonresident defendant, and that after the resident defendant was dismissed from the action, jurisdic-

tion over appellant's person was lost and venue was improper.

The answer to appellees' complaint states: [D]efendants admit that Melton L. Harrell [who is appellant herein] is a resident of 866 Oakdale Road N.E., Atlanta, Georgia and *is subject to the jurisdiction of this court . . . .* [D]efendants are subject to the jurisdiction of this court." (Emphasis supplied.) The answer was verified by appellant himself. Such an admission would appear to preclude the subsequent contention that jurisdiction over appellant's person existed solely by virtue of his being a co-defendant of a resident defendant.

Moreover, even assuming that appellant's answer did not invalidate his defenses based upon venue and jurisdiction over the person, we find that such matters were waived by appellant's conduct in the trial of the case. It is true, of course, that these defenses were not available to appellant until the resident defendant was discharged as a party to the action, and that his failure to raise the issue prior to that time did not operate as a waiver. *Phillips v. Williams*, 137 Ga. App. 578, 580 (224 SE2d 515) (1976). However, at the time a motion for directed verdict was granted as to the resident defendant, appellant sought a directed verdict on his own behalf on evidentiary, rather than jurisdictional, grounds. Appellant subsequently made two other motions for directed verdict without raising the issue of his nonresidency and the concomitant jurisdiction and venue problems. These technical defenses were not raised until appellant moved for a new trial after suffering an adverse judgment. "Want of jurisdiction is waived when after dismissal of the resident co-defendant, the nonresident defendant invokes rulings of the court on the merits of the case. [Cits.]" *Vanguard Ins. Co. v. Beasley*, 167 Ga. App. 625, 626 (307 SE2d 56) (1983).

4. Appellant enumerates as error the denial of his motion for judgment n.o.v. or for new trial. In particular, appellant asserts that appellees failed to prove the amount of damages allegedly sustained. However, the transcript reveals that testimony was admitted without objection to establish specific damages incurred as a result of appellant's conduct in breaching the contract. Massive documentary evidence was also introduced. We find that the evidence was sufficient to sustain the award of compensatory damages, and that the verdict was authorized by the evidence. *Pottinger v. Cross*, 170 Ga. App. 647, 648 (1) (317 SE2d 850) (1984); *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 170 (2) (299 SE2d 123) (1983); *Swim Dixie Pool Corp. v. Kraemer*, 157 Ga. App. 748, 752 (4) (278 SE2d 448) (1981). The interest awarded in addition to the compensatory damages was properly within the jury's discretion. See OCGA § 13-6-13; *Norair Engineering Corp. v. St. Joseph's Hosp.*, 147 Ga. App. 595, 604 (6) (249 SE2d 642) (1978); *Wheels & Brakes v. Capital Ford Truck Sales*, 167 Ga. App. 532, 534 (2) (307 SE2d 13) (1983). Although the interest was errone-

ously awarded eo nomine, rather than as a part of a lump sum award of damages, that matter is outside the scope of this enumeration of error. *Smith v. Clayton*, 83 Ga. App. 777, 778 (64 SE2d 691) (1951).

5. Appellant contends that the jury's award of exemplary damages must be stricken, inasmuch as such damages cannot be recovered in an action for breach of contract. In the instant case, however, there was evidence which would authorize a finding of a tortious injury to appellees independent of appellant's breach of contract, and the jury was properly instructed that an award of exemplary damages could only be based upon such an independent tort. There was evidence that appellant overcharged appellees under the terms of the contract, and there was also evidence of payroll and payroll tax discrepancies which benefited appellant at the expense of appellees. Additionally, there was some evidence that appellant wrongfully wrote checks to his business out of funds belonging to appellees, and that he refused to relinquish to appellees security deposits and rent payments received by him in his capacity as manager of appellees' apartment complexes. This evidence established a valid claim for tortious interference with appellees' property rights independent of the breach of contract claim. Accordingly, appellees were authorized to recover exemplary damages. *Travelers Ins. Co. v. King*, 160 Ga. App. 473, 474-476 (2) (287 SE2d 381) (1981); *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (1) (238 SE2d 442) (1977). Compare *Nestlé Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328, 332 (3) (265 SE2d 61) (1980).

6. Finally, appellant contests the award of attorney fees. Such an award is permitted pursuant to OCGA § 13-6-11 "where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." " ' "[T]he elements of bad faith which will authorize expenses of litigation in an *ex contractu* action are those acts relative to the conduct of entering into a contract *or to the transaction and dealings out of which the cause of action arose* . . . but do not have reference to the motive with which the defendant defends an action after a cause of action occurred." [Cit.]' (Emphasis supplied.) [Cit.]" *Glenn v. Fourteen West Realty*, 169 Ga. App. 549, 551 (313 SE2d 730) (1984). Since there was some evidence to support a finding that appellant acted in bad faith in appropriating appellees' funds to himself or his business and in fraudulently overcharging appellees under the terms of the contract, the award of attorney fees must be affirmed. See *Clark v. Aenchbacher*, supra; *St. Holmes v. St. Holmes*, 169 Ga. App. 283, 284 (2) (312 SE2d 370) (1983); *Glenn v. Fourteen West Realty*, supra; *Mansell v. Benson Chevrolet Co.*, 165 Ga. App. 568, 570 (5) (302 SE2d 114) (1983).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1985 —
REHEARING DENIED MARCH 20, 1985 — 

*Louis F. McDonald*, for appellant.
*Ronald S. Stevens, Mona S. Shuman, Ervin H. Gerson*, for appellees.