A90A0692. GOSS & GOSS DEVELOPMENT COMPANY v.
FIRST UNION NATIONAL BANK OF GEORGIA.
(396 SE2d 19)

BEASLEY, Judge.

The bank lent Goss & Goss Development company $50,000 to de-

velop a residential subdivision. The note was renewed twice, and after the partnership used all the funds it asked for additional financing. The bank denied further extension of credit, the loan went into default, and the bank began foreclosure proceedings. The day before the scheduled first foreclosure advertisement, Goss & Goss paid the accrued interest arrearage and a renewal note was signed. The foreclosure was stopped, but one advertisement was published.

When the last note came due and it was neither renewed nor paid, the bank sued in Bibb County against Mary Ann Goss and Tommy Goss for the loan amount due; partner Johnny Goss was not sued because he had filed a bankruptcy petition. This suit was voluntarily dismissed without prejudice in May 1989.

Mary Ann Goss and Johnny Goss sued the bank in Fulton County in March 1988, for failing to lend more than $50,000 as agreed and also for wrongfully initiating foreclosure proceedings which misrepresented plaintiffs' credit and was a breach of good faith and the bank's fiduciary duty. The bank moved to dismiss. The court found that Goss & Goss's case should have been brought as a counterclaim to the bank's action in Bibb County and that, since Johnny Goss was not a party to that action, he would have a new cause of action against the bank. In reviewing this cause of action, the court held that the complaint failed to state a claim upon which relief could be granted to Johnny Goss. Goss & Goss, Mary Ann Goss, and Johnny Goss appeal.

1. The term "transaction or occurrence" as used in OCGA § 9-11-13 (a) has been given a broad and realistic interpretation by the court. *P & J Truck Lines v. Canal Ins.*, 148 Ga. App. 3 (251 SE2d 72) (1978). The test as to whether a claim is a compulsory counterclaim is " 'whether there is any logical relationship between the claim advanced by the plaintiff and the claim asserted by the defendant.' [Cit.]" *Myers v. United Svcs. Auto. Assn.*, 130 Ga. App. 357, 360 (203 SE2d 304) (1978); *P & J Truck Lines v. Canal Ins.*, supra. Failure to litigate compulsory counterclaims subjects the offending party to dismissal when the claim is brought in a second action. *P & J Truck Lines v. Canal Ins.*, supra.

All claims alleged in Fulton County relate to the extension of credit, the subject matter of the Bibb County suit. The claims of Goss & Goss and Mary Ann Goss were properly dismissed in Fulton County.

2. The complaint contains various causes of action, all of which relate to the bank's actions concerning the defaulted loan. The allegations do not set up a separate cause of action for Johnny Goss apart from the causes of the partnership, although he alleges some individual damages resulting from the alleged wrongs against the partnership. For the suit to survive as to him, there must be a relationship

between him and the tortfeasor or contract-breacher independent of that derived as a partner. See *Harrell v. Gomez*, 174 Ga. App. 8, 9 (2) (329 SE2d 302) (1985); *Borders v. Wright*, 141 Ga. App. 878, 879 (1) (234 SE2d 708) (1977); *Walker v. Sheehan*, 80 Ga. App. 606, 612 (6) (56 SE2d 628) (1949). No such relationship is alleged. The trial court properly dismissed Johnny Goss' claims.

3. Uniform Superior Court Rule 6.3 provides that all motions shall be decided without oral hearing except that hearings on motions for summary judgment shall be held if a timely written request is filed. As oral argument was not requested, there was no error.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Deen, P. J., concurs in part and dissents in part.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

I respectfully concur as to Divisions 1 and 3, but dissent as to Division 2.

While a partner does not have a personal right of action for wrongs done to the partnership, 59A AmJur2d, Partnership, § 701, see also OCGA § 9-11-17 (Parties Plaintiff and Defendant), a partner does have a cause of action for personal wrongs done to him. In his pleadings Johnny Goss alleges certain personal wrongs were done to him. Accordingly, the trial court erred in dismissing Johnny Goss' claims.

DECIDED JUNE 25, 1990 —
REHEARING DENIED JULY 16, 1990 — CERT. APPLIED FOR.

*Theron M. Moore, Bradley W. Bledsoe*, for appellant.
*McKenney, Jordan & Carey, G. McGregor Jordan, Jr.*, for appellee.