A96A0706. OH v. BELL.
(470 SE2d 807)

ANDREWS, Judge.

George E. Bell brought an action against In Keuk Oh in superior court alleging malicious prosecution and breach of contract. Oh answered and moved for summary judgment on the basis that Bell

failed to assert these claims as compulsory counterclaims in a prior magistrate court action brought by Oh against Bell in which Oh was granted a default judgment. We granted Oh's application for an interlocutory appeal from the trial court's denial of his motion for summary judgment.

Oh contracted to provide shoe repair services for Bell, who operated a leather goods business. In 1994 a dispute arose between Bell and Oh over payment for and the quality of the repairs. Oh obtained a criminal arrest warrant charging Bell with theft of the shoe repair services. After Bell was arrested pursuant to the warrant, the recorder's court dismissed the charges on June 6, 1994.

On October 21, 1994, Oh sued Bell in magistrate court on open account and breach of contract over unpaid bills for the disputed shoe repair services. Bell was served but did not answer the complaint, and the magistrate court entered a default judgment in favor of Oh on January 4, 1995.

On April 19, 1995, Bell filed the instant superior court action against Oh asserting claims for malicious prosecution relating to his arrest on the dismissed theft of services charge and breach of contract relating to the shoe repair services, the subject of the magistrate court action. Oh moved for summary judgment on grounds that the claims were barred under the doctrine of res judicata because of Bell's failure to assert them in the prior magistrate court action. Oh claims the trial court erred by denying his motion for summary judgment.

Although the compulsory counterclaim provisions of OCGA § 9-11-13 (a) of the Civil Practice Act did not apply in the magistrate court action brought by Oh (OCGA § 15-10-42; see *Howe v. Roberts*, 259 Ga. 617 (385 SE2d 276) (1989)), the provisions governing civil proceedings in magistrate courts specifically set forth the procedures regarding the filing of compulsory and permissive counterclaims. OCGA § 15-10-45. Under OCGA § 15-10-45 (a), "[i]f any defendant has a claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim, which claim does not require for its adjudication the presence of third parties over whom the court cannot obtain jurisdiction, such claim must be asserted by the defendant at or before the hearing on plaintiff's claim or thereafter be barred." Subsection (d) of OCGA § 15-10-45 further provides in pertinent part that "[i]f the amount of a counterclaim exceeds the jurisdictional limits of the magistrate court, the case shall be transferred to any court of the county which has jurisdictional limits which exceed the amount of the counterclaim."

The subject matter of Oh's prior magistrate court action against Bell on open account and breach of contract was the dispute between Oh and Bell over shoe repair services provided by Oh and Bell's

refusal to pay for those services. Bell's present superior court action against Oh for malicious prosecution and breach of contract was based on Bell's arrest on the charge for theft of the disputed shoe repair services and on a claim that Oh breached the shoe repair contract. Both of these claims arose out of the transaction or occurrence that was the subject matter of the prior magistrate court action.

The compulsory counterclaim provisions of OCGA § 9-11-13 (a) contain language almost identical to that used in OCGA § 15-10-45 (a) to define a compulsory counterclaim. OCGA § 9-11-13 (a) provides in part that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." In applying OCGA § 9-11-13 (a), we have held that "the term 'occurrence' or 'same transaction' has been given a broad and realistic interpretation by the courts. Thus, the test to be applied in determining whether a counterclaim is compulsory is whether there is a logical relationship between the claim advanced by the plaintiff and the claim asserted by the defendant. Any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim." (Citations and punctuation omitted.) *Walker v. Bishop*, 169 Ga. App. 236, 238 (312 SE2d 349) (1983). Under this test, Bell's present claims for malicious prosecution and breach of contract were compulsory counterclaims that should have been asserted in the prior magistrate court action pursuant to OCGA § 15-10-45. See *Leggett v. Gibson-Hart-Durden Funeral Home*, 123 Ga. App. 224 (180 SE2d 256) (1971); *B. J. Howard Corp. v. Skinner, Wilson, Strickland &c.*, 172 Ga. App. 446, 447 (323 SE2d 664) (1984); *Walker*, supra at 238-239.

Nevertheless, Bell contends that he could not have asserted his current claims in the prior magistrate court action because those claims exceeded the magistrate court's $5,000 jurisdictional limit. OCGA § 15-10-2 (5). However, OCGA § 15-10-45 (d) specifically provides that where the amount of a compulsory counterclaim exceeds the magistrate court's jurisdictional limit, the case shall be transferred to another court with adequate jurisdictional limits. The plain language of OCGA § 15-10-45 (d) provides for the filing of compulsory counterclaims for amounts exceeding the jurisdictional limits of the magistrate court and the transfer of the case to another court with jurisdiction over the case. Because Bell failed to assert his current claims as compulsory counterclaims in Oh's magistrate court action, they are barred under OCGA § 15-10-45 (a) and the doctrine of res judicata. See OCGA § 9-12-40; *Walker*, supra at 239.

The trial court erred by denying Oh's motion for summary judgment.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 3, 1996.

*Allen W. Bodiford, Martin C. Jones*, for appellant.
*Mark A. Smith III*, for appellee.